# IN THE UNITED STATES
# COURT OF INTERNATIONAL TRADE

CAMEL ENERGY, INC.,

      Plaintiff,

v.

UNITED STATES OF AMERICA and
UNITED STATES CUSTOMS AND
BORDER PROTECTION,

      Defendants.

Case No.: 25-00230

Hon._____

## COMPLAINT

Plaintiff Camel Energy, Inc., states as follows against Defendant the United States of America ("United States") and U.S. Customs and Border Protection ("CBP") (collectively, "Defendants"):

## PARTIES AND JURISIDCTION

1. This action challenges Defendants' denial of Plaintiff's protest challenging CBP's decision to exclude two of Plaintiff's shipments from entry into the United States under the Uyghur Forced Labor Prevention Act ("UFLPA") and 19 U.S.C. § 1307.

2. This Court has exclusive jurisdiction over this action under 28 U.S.C. § 1581(a).

3. Plaintiff Camel Energy, Inc. ("CEI") is as Michigan corporation and has been conducting business in the United States since 2016. CEI and its affiliates design, manufacture, ship, and sell batteries world-wide.

4. CEI has standing to bring this suit under 28 U.S.C. § 2631(a).

5. Defendant United States is the federal defendant. The actions complained of herein were undertaken by its agency CBP, which is a component of the U.S. Department of Homeland Security ("DHS").

6. CBP is a federal agency of the United States government and is located in the District of Columbia with its principal office at 1300 Pennsylvania Avenue, N.W., Washington, D.C. 20229. CBP is an agency within DHS. Among its duties, CBP enforces federal laws regulating the importation of goods into the United States, including making admissibility determinations under 19 U.S.C. § 1307 and UFLPA.

7. Pursuant to Court of International Trade Rule 4(h), Defendant United States of America may be served by delivering or sending a copy of the summons and complaint to the Attorney-in-Charge, International Trade Field Office, Commercial Litigation Branch, U.S. Department of Justice.

8. Pursuant to Court of International Trade Rule 4(h)(2), Defendant CBP may be served by serving the United States and also sending a copy of the summons and complaint by registered or certified mail, return receipt requested, to the agency, corporation, or officer or employee. Specifically, CBP may be served by sending the summons and complaint by registered or certified mail to Office of Chief Counsel, U.S. Customs and Border Protection, 1300 Pennsylvania Avenue, Suite 4.4-B, Washington, D.C., 20229. *See* [Service of Process | U.S. Customs and Border Protection](#) (last accessed Oct. 21, 2025).

## LEGAL BACKGROUND

9. Under 19 U.S.C. § 1499, CBP is empowered to inspect, examine, and appraise merchandise before permitting or denying it entry into the United States. Merchandise "found to comply with the requirements of the laws of the United States" is given entry into the United

States. *See* 19 U.S.C. § 1499(a)(1). Merchandise that does not comply with the requirements of the laws of the United States is excluded from entry into the United States.

10. In December 2021, Congress passed, and President Biden signed into law, the UFLPA. The UFLPA went into effect on June 21, 2022, and directs an inter-agency U.S. government task force that combats forced labor to create and maintain a list of entities it has a reasonable basis to believe are manufacturing goods wholly or in part with forced labor from certain ethnic minorities in the Xinjiang Uyghur Autonomous Region of the People's Republic of China ("XUAR") ("UFLPA Entity List").

11. The UFLPA also directs CBP to detain and exclude goods from importation into the United States if those goods are mined, produced, or manufactured with forced labor wholly or in part in XUAR or by an entity on the UFLPA Entity List. *See* 19 U.S.C. § 1307; UFLPA § 3(a).

12. When CBP believes merchandise may be subject to the UFLPA, it proceeds in one of two ways: detention or exclusion of goods.

13. While Camel believes that only detention of goods prior to exclusion is lawful and there is scant legal authority for direct exclusion under the UFLPA, this Court does not need rule on that issue in order to grant Camel the relief sought here. Accordingly, Camel does not challenge the procedure applied by CBP in this case. Camel reserves the right to challenge CBP's authority to exclude entries without following the procedure outlined in 19 U.S.C. § 1499 *et seq* in future litigation.

14. Under the first way, CBP subjects the suspect merchandise to detention and an information-gathering process. Under 19 U.S.C. § 1499(c)(1), CBP must "[w]ithin a 5-day

period . . . following the date on which merchandise is presented for customs examination . . . decide whether to release or detain the merchandise."

15. Once CBP decides whether to detain or release the merchandise, 19 U.S.C. § 1499(c)(2) requires CBP to "issue a notice to the importer or other party having an interest in detained merchandise no later than 5 days . . . after the decision to detain the merchandise is made."

16. Then, CBP must make a final decision on whether to allow or exclude the detained merchandise from entry into the United States within 30 days of the date of detention. 19 U.S.C. § 1499(c)(5). If CBP does not issue a decision allowing or excluding detained merchandise from entry into the United States within 30 days of the date of detention, then CBP is deemed to have excluded the merchandise. *See id*.

17. The second way in which CBP believes it may proceed under the UFLPA is, if CPB believes it has conclusive evidence that merchandise is subject to the UFLPA, then it may outright exclude the merchandise *without* following the detention and information-gathering process outlined in 19 U.S.C. § 1499.[1]

---

[1] While the CBP claims authority to exclude shipments under the UFLPA without first detaining them, *see e.g.* U.S. Customs and Border Protection, *U.S. Customs and Border Protection Operational Guidance for Importers*, at 8 (June 13, 2022) ("CBP may exclude shipments determined to be in violation of the UFLPA.") Uyghur Forced Labor Prevention Act U.S. Customs and Border Protection Operational Guidance for Importers (last visited Oct. 21, 2025); Department of Homeland Security, *2025 Updates to the Strategy to Prevent the Importation of Goods Mined, Produced, or Manufactured with Forced Labor in the People's Republic of China*, at 4 (August 19, 2025) 2025 Updates to UFLPA Strategy (High-Priority Sectors) Report (Last visited Oct. 21 2025) ("CBP has the authority to detain, seize, or exclude goods produced with forced labor, as well as to issue civil penalties against those who facilitate such imports." (citing 19 U.S.C. § 1595a)), the statue on which it relies, 19 U.S.C. § 1595a (*see* footnote 9 of *2025 Updates to UFLPA Strategy*), refers to "seizure and forfeiture" and does not mention "exclusion" or "detention" at all. While Camel does not intend to challenge whether CBP's actions directly excluding Camel's Entries were in excess of its statutory authority under the UFLPA at this time, Camel believes that the CBP lacks authority to exclude shipments under the UFLPA without first detaining them.

18. CBP's decision to exclude goods or merchandise from entry into the United States is protestable under 19 U.S.C. § 1514(a)(4). *See also* 19 C.F.R. 174.11(b)(4).

19. "A protest of a decision, order, or finding described in subsection (a) shall be filed with the Customs Service within 180 days after but not before . . . the date of the decision as to which protest is made." 19 U.S.C. § 1514(c)(3)(B).

20. "If the protest relates to an administrative action involving exclusion of merchandise from entry or delivery under any provision of the Customs laws, the [Centers of Excellence and Expertise] director shall review and act on a protest . . . within 30 days from the date the protest was filed." 19 C.F.R. § 174.21(b).

21. 19 C.F.R. § 174.21(b) provides: "Any protest filed pursuant to this paragraph which is not allowed or denied in whole or in part before the 30th day after the day on which the protest was filed shall be treated as having been denied on such 30th day for purposes of 28 U.S.C. § 1581."

## STATEMENT OF FACTS

22. Camel Energy, Inc. ("CEI") is a Michigan corporation and has been conducting business in the United States actively since 2016, including the sale of lead-acid batteries to U.S. customers.

23. CEI imports an enormous quantity of lead-acid batteries into the United States. Since August 21, 2025, alone, CBP has detained or excluded *95* separate shipments of lead-acid batteries at multiple ports around the United States.

24. While CEI has responded to the notices of detention and protested the notices of exclusion of more than 65 of these shipments—and continues to file protests as quickly as it can—

it has not received a decision from CBP on any of those responses and protests regarding whether the merchandise was subject to the UFLPA.

25. Accordingly, should CBP fail to respond to CEI's protests or otherwise deny CEI's protests, CEI anticipates that it will have to file lawsuits challenging the denial of CEI's protests and will seek to join all such claims to this one as each claim becomes ripe.

26. The entries at issue in this case are Entry Nos. 90604963689 and 90604964026 (collectively, "Entries"), which were excluded by CBP at the Port of Atlanta (Port 1704).

27. The merchandise contained in the Entries were lead-acid batteries for the start-stop function of automobiles (Entry No. 90604963689) and lead-acid batteries for lawn and garden equipment (Entry No. 90604964026).

28. On September 1, 2025, CBP issued notices of detention for the Entries. The notices of detention are attached as **Exhibit A1** (notice for Entry No. 90604963689) **and Exhibit A2** (notice for Entry No. 90604964026).

29. Each notice of detention identified each entry as being detained on suspicion of being made with forced labor and subject to the UFLPA, that is, as being *either* manufactured in whole or in part in Xinjiang Uyghur Autonomous Region ("XUAR") *or* manufactured by an entity on the UFLPA Entity List. *See* Exhibit A1 and Exhibit A2.

30. In the notices of detention, CBP requested evidence that the products contained in the Entries were not manufactured in whole or in part using forced labor in XUAR or by an entity on the UFLPA Entity List, and to supply supporting documentation of the same "within 30 days from the date of this detention notice." Exhibit A1 at 5; Exhibit A2 at 5.

31. CEI is not and has never been on the UFLPA Entity List, *see* [UFLPA Entity List | Homeland Security](#) (last visited October 21, 2025), so CEI began preparing response packages to

6

CBP's notices of detention for Entry Nos. 90604963689 and 90604964026 that would show the Entries were not manufactured "in whole or in part" in XUAR using forced labor.

32. Only eight days after CBP issued the notices of detentions and a full three weeks before CEI's deadline to submit its petition, CBP suddenly informed CEI that the Entries were now being excluded from entry into the United States. The notices of exclusion are attached as **Exhibit B1** (notice for Entry No. 90604963689) and **Exhibit B2** (notice for Entry No. 90604964026).

33. CEI was not provided any prior notice of CBP's actions, and CBP did not afford CEI the 30-day opportunity to respond to the notices of detention and submit evidence demonstrating the goods contained in the Entries were not manufactured by an entity on the UFLPA Entity List, using forced labor, or "in whole or in part" in XUAR as CBP provided for in the notices.[2]

34. The notices of exclusion state that the merchandise in the Entries "ha[ve] been identified as having been produced (in whole or in part) or having input(s) from the [XUAR] or by an entity on the UFLPA Entity List; therefore, [they are] presumed to be prohibited . . . [and] [are] excluded from entry." Exhibit B1 at 3; Exhibit B2 at 3.

35. Troublingly, both notices stated that the entry to which it applied was excluded as of September 3, 2025—*two days* after the notice of detention was issued—even though notice of the exclusion was not sent to CEI until September 9, 2025. *See* Exhibit B1 at 3; Exhibit B2 at 3.

36. Neither notice of exclusion explained why CBP did not give CEI the full 30 days to respond to the detention notice, nor did it explain why CBP changed the status of the Entries

---

[2] This is even more troubling because CEI has a history of successful protests against UFLPA detentions of its goods.

7

from "detained" to "excluded" without the benefit of CEI's response and evidence. *See generally*, Exhibit B1; Exhibit B2.

37. Despite the dubious legal process CBP used to issue its notices of exclusion of the Entries to CEI—indeed, despite the lack of clear legal authority to outright exclude the Entries without first considering CEI's evidence, *see supra* footnote 1—CEI still filed timely protests of the exclusion of the Entries on September 17, 2025. *See* **Exhibit C1** (protest of exclusion of Entry Number 90604963689) and **Exhibit C2** (protest of exclusion of Entry Number 90604964026).

38. On the face of each protest, CEI clearly stated: "Camel Energy protests CBP's exclusion of Entry Number 90604963689" and "Camel Energy protests CBP's exclusion of Entry Number 90604964026," *see* **Exhibit C1** at 3 and **Exhibit C2** at 3, and it attached CBP's notice of exclusion for each entry number, *see* **Exhibit C1** at 16-17 and **Exhibit C2** at 16-17.

39. As part of its protests, CEI submitted a plethora of arguments, evidence, and documents applicable to each entry individually proving the batteries in the Entries were not produced in whole or in part using forced labor in or with any inputs from the XUAR region, and were not produced in whole or part using any input from any entity on the UFLPA Entity List since, again, CEI is not on the UFLPA Entity List.

40. Even when CBP made additional requests to CEI to provide detailed supply chain information, CEI timely responded and provided full transparency on its supply chain for the Entries.

41. Conversely, CEI made multiple requests to CBP for the evidence it relied on to exclude the Entries, but CBP failed to respond to or outright ignored each and every request.

42. Unfortunately, CBP, did not timely respond to and provide a decision on CEI's protests, despite being obligated to review and act on the protests within 30 days. *See* 19 C.F.R. § 174.21(b).

43. Thirty days have come and gone, and nothing signals that CBP has reviewed or acted on CEI's protest of exclusion, as if CEI just sent its information to a CBP "black box" never to be heard from again.

44. Because CBP refuses to timely engage with CEI regarding the merits of CEI's protests, for purposes of this action, each protest is "deemed denied," and this Court has jurisdiction to review such "deemed denial" under 28 U.S.C. § 1581(a). *See* 19 U.S.C. § 1499(c)(5)(B); *see also Root Scis., LLC v. United States*, 543 F. Supp. 3d 1358, 1361 (Ct. Int'l Trade 2021), *reconsideration denied*, 560 F. Supp. 3d 1357 (Ct. Int'l Trade 2022) ("Under 19 U.S.C. § 1499(c)(5)(B), if CBP fails to respond to a protest of an exclusion within thirty days, that protest will be deemed denied. That denial is then appealable to the court under 28 U.S.C. § 1581(a).").

## COUNT I – Judicial Review of "Deemed Denial" of Entry No. 90604963689 Under 28 U.S.C. § 1581(a)

45. CEI incorporates the paragraphs above as though they were restated here.

46. On September 1, 2025, CBP detained Entry No. 90604963689 under 19 U.S.C § 1499(c), alleging the merchandise in Entry No. 90604963689 were subject to the UFLPA and were therefore barred from entry into the United States.

47. On September 3, 2025, CBP excluded Entry No. 90604963689 , alleging the merchandise in Entry No. 90604963689 was subject to the UFLPA without providing CEI an opportunity to respond to the detention notices, and barring CEI's products in Entry No. 90604963689 from entering the United States.

48. CEI protested the exclusion of Entry No. 90604963689 on September 17, 2025, well within the 180-day period during that an importer of record may protest an exclusion. *See* 19 U.S.C. § 1514(c)(3)(B).

49. CBP did not review and act on CEI's protests of the exclusion of Entry No. 90604963689 within 30 days as required by law. *See* 19 U.S.C. § 1499(c)(5)(B); 19 C.F.R. § 174.21(b).

50. Because CBP did not review and act on CEI's protests of the exclusion of Entry No. 90604963689 within 30 days as required by law CEI's protests are "deemed denied" for purposes of 28 U.S.C. § 1581(a) and is appealable to this Court.

51. There are no outstanding requests from CBP for information or other data regarding the merchandise that provides CBP good cause for not having made a determination regarding the admissibility of the subject merchandise, despite having months to do so.

52. The exclusion of Entry No. 90604963689 is unlawful and must be reviewed and overturned because the merchandise in Entry No. 90604963689 is not subject to the UFLPA: CEI is not on the UFLPA Entity List and the merchandise in Entry No. 90604963689 was not mined, produced, or manufactured wholly or in part using forced labor in the XUAR.

<u>**COUNT II – Judicial Review of "Deemed Denial" of Entry No. 90604964026 Under 28 U.S.C. § 1581(a)**</u>

53. CEI incorporates the paragraphs above as though they were restated here.

54. On September 1, 2025, CBP detained Entry No. 90604964026 under 19 U.S.C § 1499(c), alleging the merchandise in Entry No. 90604964026 was subject to the UFLPA and were therefore barred from entry into the United States.

55. On September 3, 2025, CBP excluded Entry No. 90604964026, alleging the merchandise was subject to the UFLPA without providing CEI an opportunity to respond to the

detention notice, and barring CEI's products in Entry No. 90604964026 from entering the United States.

56. CEI protested the exclusion of Entry No. 90604964026 on September 17, 2025, well within the 180-day period during that an importer of record may protest an exclusion. *See* 19 U.S.C. § 1514(c)(3)(B).

57. CBP did not review and act on CEI's protests of the exclusion of Entry No. 90604964026 within 30 days as required by law. *See* 19 U.S.C. § 1499(c)(5)(B); 19 C.F.R. § 174.21(b).

58. Because CBP did not review and act on CEI's protests of the exclusion of Entry No. 90604964026 within 30 days as required by law CEI's protests are "deemed denied" for purposes of 28 U.S.C. § 1581(a) and is appealable to this Court.

59. There are no outstanding requests from CBP for information or other data regarding the merchandise that provides CBP good cause for not having made a determination regarding the admissibility of the subject merchandise, despite having months to do so.

60. The exclusion of Entry No. 90604964026 is unlawful and must be reviewed and overturned because the merchandise in Entry No. 90604964026 is not subject to the UFLPA: CEI is not on the UFLPA Entity List and the merchandise in Entry No. 90604964026 was not mined, produced, or manufactured wholly or in part using forced labor in the XUAR.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff CEI respectfully requests that the Court enter a Judgment in Plaintiff CEI's favor and (1) declare that Entry Nos. 90604963689 and 90604964026 are not subject to the UFLPA; (2) direct Defendants to allow the merchandise in Entry Nos. 90604963689 and 90604964026 to enter the United States; (3) enter an order awarding Plaintiff CEI its attorneys'

fees and all other reasonable expenses and costs incurred as a result of this action under 28 U.S.C. § 2412; and (4) award any other relief this Court deems just and proper.

                                      Respectfully submitted,

**DICKINSON WRIGHT PLLC**

*/s/ Mark V. Heusel*
Mark V. Heusel
Jacob L. Clark
Daniel C. Ziegler (*admission pending*)
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1908
mheusel@dickinsonwright.com
jlclark@dickinsonwright.com
dziegler@dickinson-wright.com
*Attorneys for Plaintiff Camel Energy, Inc.*

**DATE:** October 24, 2025

**IN THE UNITED STATES
COURT OF INTERNATIONAL TRADE**

CAMEL ENERGY, INC.,

      Plaintiff,

v.

UNITED STATES OF AMERICA and
UNITED STATES CUSTOMS AND
BORDER PROTECTION,

      Defendants.

Case No.: 25-00230

Hon._____

**COMPLAINT EXHIBIT LIST**

| Exhibit No. | Description of Exhibit |
|:---:|---|
| **A1** | CBP Notice of <u>Detention</u> for Entry No. 90604963689 |
| **A2** | CBP Notice of <u>Detention</u> for Entry No. 90604964026 |
| **B1** | CBP Notice of <u>Exclusion</u> for Entry No. 90604963689 |
| **B2** | CBP Notice of <u>Exclusion</u> for Entry No. 90604964026 |
| **C1** | CEI Protest Challenging Exclusion of Entry No. 90604963689 |
| **C2** | CEI Protest Challenging Exclusion of Entry No. 90604964026 |