## IN THE UNITED STATES
## COURT OF INTERNATIONAL TRADE

CAMEL ENERGY, INC.,

        Plaintiff,

    v.

UNITED STATES OF AMERICA and
UNITED STATES CUSTOMS AND
BORDER PROTECTION,

        Defendants.

Case No.: _25-00230_

Hon._____

---

## <u>PLAINTIFF'S MOTION TO EXPEDITE</u>

Pursuant to USCIT Rule 3(g)(3) and in compliance with USCIT Rule 7, Plaintiff Camel Energy, Inc. ("Camel" or "Plaintiff") moves this Court to expedite this case and give it precedence over other pending actions. This case concerns the denial of Plaintiff's protest of Defendant United States Customs and Border Protection's ("CBP") exclusion of merchandise from entry into the United States. Plaintiff's merchandise that was excluded totals two entries of lead-acid batteries for the start-stop function of automobiles (Entry No. 90604963689) and lead-acid batteries for lawn and garden equipment (Entry No. 90604964026) ("Merchandise"). ECF 1, ¶ 27. Cases arising under 28 U.S.C. § 1581(a) are entitled to precedence under USCIT Rule 3(g)(3) "[o]n motion for good cause." Good cause exists to expedite this case because: i) Defendant CBP excluded Plaintiff's Merchandise and denied Plaintiff's protest of such exclusion as a matter of law; ii) Plaintiff continues to incur damages in port and storage fees as a result of CBP's exclusion and denial of Plaintiff's protest; and iii) CBP's exclusion and denial of Plaintiff's protest has prevented Camel's North American customers from receiving their products, causing damages to both Plaintiff and its customers in the United States.

1

Good cause exists because CBP excluded Plaintiff's Merchandise and then denied its protests as a matter of law, giving precedence to this action under USCIT Rule 3(g)(3). Defendant CBP detained Plaintiff's Merchandise on September 1, 2025. ECF 1, ¶ 28. In doing so, CBP alleges that the Merchandise was manufactured in violation of the Uyghur Forced Labor Prevention Act ("UFLPA"), which (1) bars goods produced using forced labor in the Xinjiang Uyghur Autonomous Region, People's Republic of China from entry into the United States, and (2) bars goods manufactured by entities on the UFLPA Entity List from entry into the United States. Id., ¶ 29. CBP's detention notice did not specify which ground under the UFLPA it was detaining Plaintiff's Merchandise. Id., ¶ 30. CBP's detention notice provided that it would give Plaintiff 30 days to gather evidence and respond to the notice of detention. Id. But before Plaintiff could submit a single document, CBP informed Plaintiff that it was revoking its notices of detention and was instead excluding Plaintiff's Merchandise from entry.[1] Id., ¶ 32. CBP did not explain why it changed its determination suddenly, or why it did not provide Plaintiff with 30 days to respond to the initial detention. Id., ¶¶ 33, 36. Plaintiff submitted a protest of CBP's exclusion decision under Section 515 of the Tariff Act of 1930, but CBP failed to respond to Plaintiff's protest within 30 days, meaning that the protest is now deemed denied as a matter of law. Id., ¶¶ 37, 42-44; see 19 C.F.R. 174.21(b). To date, CBP has never explained why the Merchandise was detained or excluded. Because Plaintiff's protest was denied and its Merchandise continues to be excluded, good cause exists pursuant to USCIT Rule 3(g)(3).

Additionally, good cause to expedite this case exists because Plaintiff has incurred, and continues to incur, significant damages in the form of storage, re-shipping, and logistics fees as a

---

[1] As noted in Plaintiff's Complaint (ECF 1), CBP's authority to revoke an opportunity to respond to a detention before 30 days had expired and/or outright exclude merchandise without first detaining it under the UFLPA is dubious at best. ECF 1, ¶ 17, p. 4, fn. 1.

result of CBP's exclusion and denial of Plaintiff's protest.  Plaintiff has had to find a place to store the Merchandise, pay to ship the Merchandise there, and continue to pay fees to keep the Merchandise there while this Court reviews CBP's denial of Plaintiff's petition.  The longer the review lasts, the more fees and losses Plaintiff will incur.  As such, good cause exists to expedite this matter to prevent Plaintiff from suffering more significant losses from CBP's exclusion of Plaintiff's Merchandise and denial of Plaintiff's protest.

Lastly, good cause to expedite this case exists because Plaintiff and its customers accrue losses each day that CBP keeps Plaintiff's Merchandise excluded, preventing Plaintiff's customers from receiving and benefiting from Plaintiff's products. Plaintiff is a tier-one supplier in the automotive industry. Plaintiff supplies automotive batteries to several automotive manufacturers and aftermarket distributors. Because CBP has not only excluded the Merchandise but also denied Plaintiff's protests on the same, Plaintiff is prevented from fulfilling its obligations to its customers, and American automotive companies are prevented from building American automobiles and benefitting from Plaintiff's battery products, causing losses to Plaintiff and its customers.  Despite the economic damage to Plaintiff and its' customers, CBP has refused to explain why Plaintiff's Merchandise is excluded. Moreover, even though Plaintiff has fully cooperated with providing supply chain mapping to CBP to the $N^{th}$-tier level and otherwise providing all of the information requested by CBP, Plaintiff's detentions and exclusions continue to increase in numbers and delay.  Given the heavy economic and reputational harm to Plaintiff and its customers combined with CBP's complete indifference to those damages by excluding and delaying its release of that Merchandise, there is good cause to expedite this case.

Under these circumstances described above and with good cause shown, Plaintiff respectfully requests that this court grant this Motion to Expedite under USCIT Rule 3(g)(3).

3

Respectfully submitted,

**DICKINSON WRIGHT PLLC**

*/s/ Mark V. Heusel*
Mark V. Heusel
Jacob L. Clark
Daniel C. Ziegler (*admission pending*)
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1908
mheusel@dickinsonwright.com
jlclark@dickinsonwright.com
dziegler@dickinson-wright.com
*Attorneys for Plaintiff Camel Energy, Inc.*

**DATE:**  October 29, 2025

**IN THE UNITED STATES
COURT OF INTERNATIONAL TRADE**

CAMEL ENERGY, INC.,

             Plaintiff,

    v.

UNITED STATES OF AMERICA and
UNITED STATES CUSTOMS AND
BORDER PROTECTION,

             Defendants.

Case No.: _25-00230_

Hon._____

---

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION TO EXPEDITE**

    Upon consideration of Plaintiff's Motion to Expedite, and good cause having been shown,

IT IS HEREBY ORDERED that the Motion to Expedite is GRANTED, and this matter is given

precedence pursuant to USCIT Rule 3(g)(3).

                                    _____

                                  The Honorable_____

Dated:_____

5

**IN THE UNITED STATES**
**COURT OF INTERNATIONAL TRADE**

CAMEL ENERGY, INC.,

                Plaintiff,

    v.

UNITED STATES OF AMERICA and
UNITED STATES CUSTOMS AND
BORDER PROTECTION,

                Defendants.

Case No.:  25-00230

Hon._____

---

**<u>CERTIFICATE OF SERVICE</u>**

       I hereby certify that on October 29, 2025, a true copy of Camel Energy Inc.'s Motion to Expedite in Case No. 25-00230, *Camel Energy Inc., v. United States, et al.*, was served via CM/ECF and via certified mail, return receipt requested, to the following addresses:

       Attorney-in-Charge International Trade Field Office
       U.S. Department of Justice
       26 Federal Plaza, Room 346
       New York, NY 10278

       Office of Chief Counsel
       U.S. Customs and Border Protection
       1300 Pennsylvania Avenue, Suite 4.4-B
       Washington, D.C., 20229

October 29, 2025

                                        */s/ Jacob L. Clark*
                                        Jacob L. Clark