## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| CAMEL ENERGY, INC., ) | |
| ) | |
| Plaintiff, ) | Court No. 25-00230 |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA and ) | |
| UNITED STATES CUSTOMS AND ) | |
| BORDER PROTECTION, ) | |
| ) | |
| Defendants. ) | |

### ORDER

Upon reading plaintiff's motion to expedite, defendants' response thereto; and upon consideration of other papers and proceedings had herein, it is hereby

**ORDERED** that plaintiff's motion be, and hereby is, denied.

_____
CLAIRE R. KELLY, JUDGE

Dated: _____, 2025
       New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

_____

|   |   |
|---|---|
| CAMEL ENERGY, INC., | ) |
| Plaintiff, | ) Court No. 25-00230 |
| v. | ) |
| UNITED STATES OF AMERICA and UNITED STATES CUSTOMS AND BORDER PROTECTION, | ) |
| Defendants. | ) |

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO EXPEDITE PURSUANT TO USCIT R. 3(g)**

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

AIMEE LEE
Assistant Director

MONICA P. TRIANA
Senior Trial Attorney
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Room 346
New York, New York 10278
(212) 264-9232 or 9230
*Attorneys for Defendant*

## TABLE OF CONTENTS

BACKGROUND ..................................................................................................................1

ARGUMENT .......................................................................................................................4

I.     STANDARD OF REVIEW ......................................................................................4

II.    THE MOTION TO EXPEDITE SHOULD BE DENIED ....................................4

CONCLUSION ..................................................................................................................10

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

_____
                                        )
CAMEL ENERGY, INC.,                     )
                                        )
    Plaintiff,                          )   Court No. 25-00230
                                        )
    v.                                  )
                                        )
UNITED STATES OF AMERICA and            )
UNITED STATES CUSTOMS AND               )
BORDER PROTECTION,                      )
                                        )
    Defendants.                         )
_____  )

**DEFENDANTS' RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO EXPEDITE PURSUANT TO USCIT R. 3(g)**

Defendants submit this memorandum in opposition to plaintiff's motion to expedite pursuant to Rule 3(g) of the Rules of the United States Court of International Trade (USCIT R.). ECF No. 11. The Court should deny plaintiff's motion because Camel Energy, Inc. (Camel Energy) has failed to establish good cause for expediting this action.

## BACKGROUND

Camel Energy commenced this action to challenge the exclusion of the merchandise in Entry Nos. 90604963689 and 90604964026, made at the Port of Atlanta, under cover of Protest Nos. 1704-25-106960 and 1704-25-106958, respectively. U.S. Customs and Border Protection (CBP) excluded the merchandise as being subject to the Uyghur Forced Labor Prevention Act (UFLPA), *see* P.L. 117-78, 135 Stat. 1525 (Dec. 23, 2021). The UFLPA was passed, in December 2021, to address the state-sanctioned

forced labor of Uyghurs and other minorities inside and outside of Xinjiang, and to strengthen the prohibition of imports made with forced labor under 19 U.S.C. § 1307.

By way of background, Camel Group Co., Ltd., (Camel Group), the parent company to Camel Energy, is a Chinese entity listed under section 2(d)(2)(B) of the UFLPA.  *See* Complaint, *Camel Group, Co. Ltd. v. United States, et al.*, Court No. 25-22, at ¶ 8.  The Forced Labor Enforcement Task Force (FLETF) found reasonable cause to believe that Camel Group benefits from state-sanctioned forced labor through its collaboration with "the government of the Xinjiang Uyghur Autonomous Region (XUAR) to recruit, transport, transfer, harbor or receive forced labor or Uyghurs, Kazakhs, Kyrgyz, or members of other persecuted groups out of" the XUAR in violation of the UFLPA.  *See* U.S. Department of Homeland Security, "Notice Regarding the Uyghur Forced Labor Prevention Act Entity List," 88 Fed. Reg. 50,902 (August 2, 2023). Camel Group challenged the listing decision in this Court as being in violation of the Administrative Procedure Act, 5 U.S.C. § 706, in *Camel Group Co., Ltd. v. United States, et al.*, Court No. 25-22, a matter that is currently pending before Judge Wang.

Camel Energy identified Camel Power (M) SND BHD (Camel Power), a Malaysian company, as the supplier for the merchandise at issue.  *See* Compl., Ex. C1 & C2.  The United States has reason to believe that, like Camel Energy, Camel Power is also a subsidiary, or affiliate of, the listed entity, Camel Group.  *See id.*  The merchandise at issue in this case was detained and ultimately excluded from entry.  In its exclusion notices, CBP explained the basis for the exclusion:

> This merchandise has been identified as having been produced (in whole or in part) or having input(s) from the Xinjiang Uyghur Autonomous Region (XUAR) or by an entity on the UFLPA Entity List; therefore, it is presumed to be

2

prohibited under 19 U.S.C. 1307 and not entitled to entry. Accordingly, this shipment is excluded from entry.

*See* Compl., Ex. B1 & B2. CBP further informed Camel Energy that it "may export the subject merchandise from the United States under CBP supervision in accordance with 19 C.F.R. §§ 18.25-18.27." *Id.* Camel Energy protested the exclusion under 19 U.S.C. § 1514; 19 C.F.R. § 174.12, and that protest was denied by operation of law 30 days later. *See* 19 C.F.R. § 174.21(b). Camel Energy challenges the denial herein, claiming that the merchandise in the entries at issue are not "subject to" the UFLPA. *See* Compl. ¶¶ 45-60. Camel Energy seeks a declaration to that effect, as well as entry of its merchandise, and attorneys' fees. *Id.*, Prayer for Relief.

By its pending motion, Camel Energy seeks an expedited scheduling order in this action. ECF No. 11. Camel Energy claims that it satisfies the good cause showing required under USCIT Rule 3(g)(3). *Id*. For the reasons set forth below, Camel Energy fails to demonstrate good cause to expedite this action.[1] Accordingly, the Court should deny the motion.

---

[1] Without first seeing the Government's opposition to the motion to expedite, Camel Energy sought leave of the Court to file a reply. ECF No. 17. Under the rules, plaintiff is not entitled to a reply to its motion. *See* USCIT R. 7.
 Moreover, plaintiff claims that "the Government's response requires a reply because Defendants have indicated its response will include arguments on 'good cause' and propose a schedul[e] for this case that Plaintiff does not agree to." ECF No. 17. That the Government intended to address the operative standard – *i.e.* good cause – should not necessitate the need for a reply. Indeed, plaintiff's motion to expedite purports to address a good cause standard. It should have expected that our response would do the same.
 As we represented to plaintiff in our email correspondence, while we do not consent to plaintiff's motion, we defer to the discretion of the Court as to whether further briefing would assist in the Court's analysis. And, we consented to plaintiff's submission of an alternative schedule.

3

**ARGUMENT**

I.  **Standard of Review**

Under Rule 3(g), a court may grant a motion to expedite when the moving party successfully shows good cause. The Rule states, in pertinent part, that "[o]n motion for good cause or on its own the court may expedite the following actions and give them precedence over other pending actions: … (3) An action described in 28 U.S.C. § 1581(a) to contest the denial of a protest, in whole or in part, under section 515 of the Tariff Act of 1930, involving the exclusion or redelivery of merchandise." USCIT R. 3(g)(3). Although this matter involves the exclusion of merchandise, Camel Energy fails to satisfy – or even identify – the appropriate good cause standard.

As this Court has consistently held, good cause to expedite under USCIT Rule 3(g) exists "(1) in a case in which failure to expedite would result in mootness or deprive the relief requested of much of its value, (2) in a case in which failure to expedite would result in extraordinary hardship to a litigant, or (3) [in] actions where the public interest in enforcement of the statute is particularly strong [in favor of the movant]." *J.D. Irving, Ltd. v. United States*, 570 F. Supp. 3d 1349, 1353 (Ct. Int'l Trade 2022) (quoting *Ontario Forest Indus. Ass'n v. United States*, 444 F. Supp. 2d 1309, 1319 (Ct. Int'l Trade 2006)); *Eteros Technologies USA, Inc. v. United States*, 774 F. Supp. 3d 1358, 1360 (Ct. Int'l Trade 2025). None of these criteria can be satisfied.

II.  **The Motion To Expedite Should Be Denied**

Camel Energy fails to establish the existence of good cause for granting its motion for an expedited schedule. Plaintiff states, incorrectly, that "CBP excluded Plaintiff's Merchandise and then denied its protests as a matter of law, giving precedence

4

to this action under USCIT Rule 3(g)(3)." Notably, the rule does not automatically afford precedence to entries in which merchandise is excluded, but rather grants the Court discretion to expedite such actions. Indeed, the rule states that "the Court *may* expedite the following actions [of which an exclusion is one] . . . [o]n a motion for good cause or on its own . . . ." USCIT Rule 3(g) (emphasis added). However, good cause does not exist here.

Camel Energy claims good cause exists for three reasons (1) because its merchandise was excluded and its protest was denied; (2) because it has incurred "storage, re-shipping, and logistics fees", Pl. Mot. at 1-2, and (3) because "Plaintiff and its customers accrue losses every day that CBP keeps Plaintiff's Merchandise excluded, preventing Plaintiff's customers from receiving or benefiting from Plaintiff's products." *Id*. at 3. As a threshold matter, Camel Energy fails to provide any evidence, by way of a declaration or otherwise, to establish that they suffered any of the asserted damages. And, Camel Energy fails to satisfy – or even attempt to satisfy – the good cause criteria set forth in *J.D. Irving*, and consistently applied by this Court. *See supra* at 4. For these reasons, its motion should be denied.

Addressing the first good-cause factor*,* Camel Energy's motion fails to show how a standard, non-expedited schedule in this action would result in mootness or deprive the request for relief of much of its value. *J.D. Irving*, 570 F. Supp. 3d at 1353. The economic damage to plaintiff and its customers resulting from exclusion of plaintiff's merchandise, and the resulting storage and other fees plaintiff claims to incur does not satisfy that standard. Whether disposition of this matter takes several additional months will not make the issue of admissibility of plaintiff's merchandise moot or

5

deprive the plaintiff of the value of the relief requested – declaration that its merchandise is not subject to UFLPA and the entry of that merchandise. Moreover, plaintiff has not asserted that the batteries at issue will in any way be harmed due to placement in storage while the Court considers this matter. Expedited treatment, therefore, is entirely unwarranted on these facts.

In *Eteros,* a matter involving immigration issues for a company executive, plaintiff identified "operational disruption, financial loses, reputation harm, and erosion of employee morale" in its motion to expedite the schedule. Similar to the circumstances here, the *Eteros* court held that "these are not time sensitive harms that will become irremediable in the near future." 774 F. Supp. 3d at 1361. And, like here "[p]laintiff does not explain why the [relief] it seeks would offer significant value if obtained in two months, but negligible value if obtained (for example) in five." *Id.* Additionally, in *J.D. Irving*, the court held that the plaintiff's motion to expedite was improper because a court ruling prior to, or subsequent to, the plaintiff's proposed deadline would have the same effect on the "rights and other legal relations" of the parties. *J.D. Irving*, 570 F. Supp. 3d at 1355. The same is true here. Camel Energy has not pointed to anything tangible that demonstrates that failure to grant its motion would moot the case or otherwise deprive it of the value of the relief requested – entry of its merchandise into the United States.

Likewise, as to the second good-cause factor, Camel Energy's motion also fails to adequately show how a standard, non-expedited schedule in this action would lead to extraordinary hardship. Again, plaintiff claims that it has to pay storage fees while the merchandise is excluded, and that it cannot supply batteries to its customers. Such allegations do not rise to the level of "extraordinary hardship" for purposes of a motion to

expedite for good cause. And, although its orders are delayed, Camel Energy has no right to import its goods into the United States stream of commerce such that the delay would warrant expedited treatment. Camel Energy has failed to demonstrate how proceeding with this case in the normal course would pose an extraordinary hardship beyond what could be expected of any company with cross-border business operations. This is a far cry from the kinds of extraordinary hardships previously identified by this court. *See, e.g., Ontario Forest*, 444 F. Supp. 2d at 1319 n.10 (quoting H. Rep. No. 98–985, at 6 n. 8 (1984) (citing "a case challenging denial of disability benefits on which the plaintiff is dependent for subsistence" as a circumstance in which extraordinary hardship was present)).

Finally, as to the third good-cause factor, Camel Energy's motion does not even attempt to argue – nor can it – that that an expedited schedule would serve the public interest. In fact, it would be contrary to the public interest if expediting the matter resulted in the admissibility of merchandise made in whole or in part with forced labor, contrary to 19 U.S.C. § 1307 and the UFLPA. *See Ninestar Corp. v. United States*, 687 F. Supp. 3d 1308, 1343-44 (Ct. Int'l Trade 2024) (noting that "even a single entry of goods made with forced labor from Xinjiang is one too many" and that the "UFLPA's prohibitions are intended to strengthen international protections for human rights beyond Xinjiang and to forcefully denounce any form of forced labor."). In addition, in considering whether the public interest is strong, courts have examined whether the moving party can demonstrate "exigent circumstances" that distinguish it from other similarly situated parties. *J.D. Irving*, 570 F. Supp. 3d at 1356. Plaintiff has identified nothing that distinguishes this from other similar cases where detentions and exclusions

7

have occurred as a result of forced labor implications that would entitle Camel Energy to "precedence" here.

Moreover, expediting this case presents practical challenges in conducting discovery. Notably, it is likely that some of the necessary evidence that CBP would seek is located either in Malaysia – the location of the named supplier – or China, the location of plaintiff's parent company (and listed entity). And, it may be the case that an individual or entity that is located abroad may need to be deposed if the documentary evidence provided in discovery requires additional inquiry. As the Court is likely aware, discovery of information from China is nearly impossible, particularly if Camel Energy cannot, or will not, produce information (and individuals) in the United States. Moreover, at this stage, we are still in the process of determining how information can be obtained from Malaysia, and in a form that would be useful to this Court. These are just a few of the issues we will have to navigate as discovery progresses. Therefore, expediting this matter would not be in the public interest, as it could compromise the assembly of necessary information.

Therefore, Camel Energy has not established that good cause exists to expedite proceedings simply because the batteries have been excluded.

* * *

Although good cause for expediting this matter does not exist, in the interest of moving this matter forward, the parties have engaged in discussions and exchanged proposed schedules. The parties have not reached an agreement on the schedule. Therefore, we proposed the following schedule (also attached hereto):

8

1. Defendants shall answer or otherwise respond to the complaint no later than November 24, 2025.

2. Initial Disclosures are to be exchanged no later than December 5, 2025.

3. Any motions regarding the pleadings or other preliminary matters shall be filed no later than December 10, 2025. Responses are due no later than seven days after the motion is filed. Any reply is due no later than 14 days after the motion is filed.

4. Discovery is to be concluded no later than April 6, 2026.

5. Dispositive motions, if any, shall be filed no later than May 13, 2026, and a brief in response to a dispositive motion may include a dispositive cross-motion.

6. If no dispositive motions are filed, a proposed pretrial order is to be submitted no later than May 26, 2026.

7. If dispositive motions are submitted but do not dispose of this case, a proposed pretrial order is to be submitted within 14 days of entry of an order resolving all dispositive motions.

We note that this proposal is made without knowledge of the full extent of the discovery that Camel Energy will seek. And, the Government does not know whether it will be able to obtain the foreign information necessary, from Camel Energy (or its related companies) either voluntarily or through other available channels. Although we endeavor to adhere to our proposed schedule, we acknowledge the potential that additional time may be necessary.

## CONCLUSION

For the foregoing reasons, this Court should deny the plaintiff's motion to expedite pursuant to USCIT R. 3(g) and enter the attached proposed schedule.

                                          Respectfully submitted,

                                          BRETT A. SHUMATE
                                          Assistant Attorney General

                                          PATRICIA M. McCARTHY
                                          Director

                                          JUSTIN R. MILLER
                                          Attorney-In-Charge
                                          International Trade Field Office

                                          /s/ Aimee Lee
                                          AIMEE LEE
                                          Assistant Director

                                          /s/ Monica Triana
                                          MONICA TRIANA
                                          Senior Trial Counsel
                                          Department of Justice, Civil Division
                                          Commercial Litigation Branch
                                          26 Federal Plaza, Room 346
                                          New York, New York 10278
                                          (212) 264-9232 or 9230
                                          *Attorneys for Defendant*

Dated:  November 4, 2025

**CERTIFICATE OF COMPLIANCE**

I, Monica Triana, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's memorandum in opposition to plaintiff's motion for an expedited scheduling order, dated November 4, 2025, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 2,163 words.

/s/ Monica P. Triana

## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

_____

|  |  |
|---|---|
| CAMEL ENERGY, INC., | ) |
| Plaintiff, | ) Court No. 25-00230 |
| v. | ) |
| UNITED STATES OF AMERICA and UNITED STATES CUSTOMS AND BORDER PROTECTION, | ) |
| Defendants. | ) |

## **PROPOSED SCHEDULING ORDER**

In response to the motion to expedite and pursuant to the Court's order, Defendant proposes the following schedule:

1. Defendants shall answer or otherwise respond to the complaint no later than November 24, 2025.

2. Initial Disclosures are to be exchanged no later than December 5, 2025.

3. Any motions regarding the pleadings or other preliminary matters shall be filed no later than December 10, 2025. Responses are due no later than seven days after the motion is filed. Any reply is due no later than 14 days after the motion is filed.

4. Discovery is to be concluded no later than April 6, 2026.

5. Dispositive motions, if any, shall be filed no later than May 13, 2026, and a brief in response to a dispositive motion may include a dispositive cross-motion.

6. If no dispositive motions are filed, a proposed pretrial order is to be submitted no later than May 26, 2026.

7. If dispositive motions are submitted but do not dispose of this case, a proposed pretrial order is to be submitted within 14 days of entry of an order resolving all dispositive motions.

                                                                                          _____
                                                                                           CLAIRE R. KELLY, JUDGE

Dated: _____, 2025
       New York, New York