IN THE UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| CAMEL ENERGY, INC., | : |
| Plaintiff, | : |
| v. | : Court No. 25-00230 |
| UNITED STATES OF AMERICA and UNITED STATES CUSTOMS AND BORDER PROTECTION, | : |
| Defendant. | : |

## ANSWER TO THE COMPLAINT

Pursuant to Rule 7(a) of the Rules of the United States Court of International Trade, the United States, defendant, responds to the allegations of plaintiff, Camel Energy, Inc., as follows:

1. Admits that this allegation consists of a statement of plaintiff's legal claim, but denies its validity.

2. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

3. Denies the allegation for lack of information or knowledge sufficient to form a belief as to its truthfulness.

4. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.

5. Admits.

6. Admits.

7. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact,

admits to the extent supported by U.S. Court of International Trade Rule (USCIT) 4(h), but otherwise denies.

8. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent it may be deemed an allegation of fact, admits to the extent supported by USCIT 4(h)(1) and the CBP publication cited, but otherwise denies.

9. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent it may be deemed an allegation of fact, denies that the allegation accurately sets forth the contents of 19 U.S.C. § 1499.

10. Admits the first sentence.  The allegation in the second sentence consists of legal argument and/or conclusions of law to which no response is required.  To the extent it may be deemed an allegation of fact, admits to the extent supported by the Uyghur Forced Labor Prevention Act (UFLPA), but otherwise denies.

11. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent it may be deemed an allegation of fact, admits to the extent supported by the UFLPA and 19 U.S.C. § 1307, but otherwise denies.

12. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required.  To the extent it may be deemed an allegation of fact, admits that U.S. Customs and Border Protection (CBP) may detain and/or exclude merchandise that it believes is subject to the UFLPA, but otherwise denies.

13. The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required.  To the extent they may be deemed allegations of fact, defendant responds as follows: as to the first sentence, denies that CBP's exclusion of the subject

merchandise was improper and further denies for lack of information of knowledge sufficient to form a belief as to what plaintiff believes; as to the second and third sentences, admits the allegation as a statement of plaintiff's claims, but denies its validity.

14.     The allegations in this paragraph consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed allegations of fact, denies the first sentence for lack of information or knowledge sufficient to form a belief as to its truthfulness. It is unclear what is meant by the phrase "under the first way." Admits the second sentence to the extent supported by 19 U.S.C. § 1499, but otherwise denies.

15.     The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits to the extent supported by 19 U.S.C. § 1499, but otherwise denies.

16.     The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, denies the first sentence. Admits the second sentence the extent supported by 19 U.S.C. § 1499, but otherwise denies.

17.     The allegations in this paragraph and in footnote 1 consist of legal argument and/or conclusions of law to which no response is required. To the extent they may be deemed an allegation of fact, denies the allegations in this paragraph and in footnote 1 for lack of information or knowledge sufficient to form a belief as to their truthfulness. It is unclear what is meant by the phrases "the second way" and "conclusive evidence." Further denies that this allegation accurately reflects the cited statutes.

18.     The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact,

admits to the extent supported by 19 U.S.C. § 1514(a)(4) and 19 C.F.R. § 174.11(b)(4), but otherwise denies.

19. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits the accuracy of the quotation to the extent supported by 19 U.S.C. § 1514(c)(3)(B), but otherwise denies.

20. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits the accuracy of the quotation to the extent supported by 19 C.F.R. § 174.21(b), but otherwise denies.

21. The allegation in this paragraph consists of legal argument and/or conclusions of law to which no response is required. To the extent it may be deemed an allegation of fact, admits to the extent supported by 19 C.F.R. § 174.21(b), but otherwise denies.

22. Denies the allegation in this paragraph for lack of information or knowledge sufficient to form a belief as to its truthfulness.

23. Denies the allegation in the first sentence for lack of information or knowledge sufficient to form a belief as to its truthfulness. Denies the second sentence for lack of information or knowledge sufficient to form a belief as to its truthfulness. It is unclear to which "95 separate shipments" plaintiff is referring.

24. Admits that plaintiff has responded to notices of detention and protested notices of exclusion with regards to more than 65 shipments and that CBP has not made a decision whether the merchandise in those shipments is subject to the UFLPA, but denies for lack of information or knowledge sufficient to form a belief as to which shipments this allegations

pertains.  Denies the remainder of this allegation for lack of knowledge or information sufficient to form a belief as to its truthfulness.

25. Denies the allegation in this paragraph for lack of information or knowledge sufficient to form a belief as to its truthfulness.

26. Admits.

27. Denies the allegation in this paragraph for lack of information or knowledge sufficient to form a belief as to its truthfulness.

28. Admits.

29. Admits that each notice of detention identified each entry as detained because the shipments were identified as "potentially being manufactured in the Xinjiang Uyghur Autonomous Region (Xinjiang) of the People's Republic of China (PRC), or by entities identified by the U.S. government on a UFLPA entities list, or with inputs from the Xinjiang," but otherwise denies.

30. Admits.

31. Admits that plaintiff is not and has not been on the UFLPA entity list.  Denies the remainder of the allegation in this paragraph for lack of information or knowledge sufficient to form a belief as to its truthfulness.

32.  Admits that, eight days after CBP issued the detention notices and three weeks before the response deadline set forth in the notices, CBP informed plaintiff that the entries were being excluded.  Further admits that Exhibit B1 and Exhibit B2 are copies of the notices of exclusion.  Denies the remainder of the allegation.

33. As to the allegations in paragraph 33, admits , except denies for lack of information or knowledge sufficient to form a belief as to whether plaintiff was provided any

5

prior notice of CBP's actions.  It is unclear as to which actions this clause refers.  As to the allegations in footnote 2, denies plaintiff's characterization of CBP's actions as "troubling" and denies the remainder of the allegation in footnote 2 for lack of knowledge or information sufficient to form a belief as to its truthfulness.

34. Admits to the extent supported by the notices of exclusion, but otherwise denies.

35. Denies plaintiff's characterization of the notices as "troubling," but otherwise admits to the extent supported by the notices of exclusion.

36. Admits to the extent supported by the notices of exclusion, but otherwise denies.

37. The allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required.  To the extent a response is required, admits that plaintiff filed protests of the exclusion of the Entries but denies that plaintiff filed the protests on September 17, 2025.  Denies the remainder of the allegation.

38. Admits.

39. The allegations in this paragraph consist of legal arguments and/or conclusions of law to which no response is required.  To the extent a response is required, admits that plaintiff submitted arguments, documents, and alleged evidence related to the Entries with its protests, but otherwise denies.

40. The allegations in this paragraph consist of legal arguments and/or conclusions of law to which no response is required.  To the extent a response is required, denies.

41. Admits that CBP did not respond to plaintiff's request for evidence, but otherwise denies.

42. The allegation in this paragraph consist of legal arguments and/or conclusions of law to which no response is required.  To the extent a response is required, admits that CBP did

not provide a decision on plaintiff's protests within 30 days of when they were filed, but otherwise denies.

43. Denies.

44. Denies that CBP refuses to engage with plaintiff regarding the merits of its protests. The remainder of the allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required.

45. The responses to the allegations in paragraphs 1 through 44 are incorporated by reference as though fully set forth herein.

46. Admits.

47. Denies that plaintiff was not provided with any opportunity to respond to the detention notices. Otherwise, admits.

48. The allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that plaintiff protested the exclusion of Entry No. 90604963689 but denies that plaintiff filed the protest on September 17, 2025. Otherwise admits.

49. The allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that CBP did not decide the protest within 30 days, but otherwise denies.

50. Admits that CBP did not decide the referenced protest within 30 days. The remainder of the allegations in this paragraph consists of legal arguments and/or conclusions of law to which no response is required. .

51. The allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies.

52. The allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that plaintiff is not on the UFLPA entity list, but otherwise denies.

53. The responses to the allegations in paragraphs 1 through 52 are incorporated by reference as though fully set forth herein.

54. Admits.

55. Denies that plaintiff was not provided with any opportunity to respond to the detention notices. Otherwise, admits.

56. The allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that plaintiff protested the exclusion of Entry No. 90604964026 but denies that plaintiff filed the protest on September 17, 2025. Otherwise admits.

57. The allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that CBP did not decide the protest within 30 days, but otherwise denies.

58. Admits that CBP did not decide the referenced protest within 30 days. The remainder of the allegations in this paragraph consists of legal arguments and/or conclusions of law to which no response is required.

59. The allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, denies.

60. The allegation in this paragraph consists of legal arguments and/or conclusions of law to which no response is required. To the extent a response is required, admits that plaintiff is not on the UFLPA entity list, but otherwise denies.

\* \* \*

WHEREFORE, defendant respectfully requests that judgment be entered dismissing this action, overruling plaintiff's claim, sustaining the decision of the appropriate U.S. Customs and Border Protection official, and granting defendant such other and further relief as may be just and appropriate.

    Respectfully submitted,

    BRETT A. SHUMATE
    Assistant Attorney General

    PATRICIA M. McCARTHY
    Director

    <u>/s/ Justin R. Miller</u>
    JUSTIN R. MILLER
    Attorney-In-Charge

    <u>/s/ Mathias Rabinovitch</u>
    MATHIAS RABINOVITCH
    Trial Attorney
    Department of Justice, Civil Division
    Commercial Litigation Branch
    26 Federal Plaza – Suite 346
    New York, New York 10278
    Tel. (212) 264-0484
    Attorneys for Defendant

Dated: November 24, 2025