## UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

| | |
|---|---|
| CAMEL ENERGY, INC., | ) ) ) |
| Plaintiff, | ) )  Court No. 25-00230 |
| v. | ) ) ) |
| UNITED STATES OF AMERICA and UNITED STATES CUSTOMS AND BORDER PROTECTION, | ) ) ) ) ) |
| Defendants. | ) ) |

## **ORDER**

Upon reading defendants' motion to stay; and upon consideration of other papers and proceedings had herein; it is hereby

ORDERED that defendants' motion be, and hereby is, granted; and it is further

ORDERED that discovery in the above-captioned proceeding, including the motion to compel, is STAYED for 60 days from the date of this Order or until a motion to dismiss has been decided, whichever is later.

_____
CLAIRE R. KELLY, JUDGE

Dated: _____, 2026
      New York, New York

# UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: THE HONORABLE CLAIRE R. KELLY, JUDGE

|  |  |  |
|---|---|---|
| CAMEL ENERGY, INC., | ) ) ) | |
| Plaintiff, | ) ) | Court No. 25-00230 |
| v. | ) ) ) | |
| UNITED STATES OF AMERICA and UNITED STATES CUSTOMS AND BORDER PROTECTION, | ) ) ) ) | |
| Defendants. | ) ) ) | |

## DEFENDANTS' MOTION TO STAY

The United States et al. (the Government), pursuant to Rules 1 and 7 of the United States Court of International Trade (CIT), respectfully moves to stay discovery-related proceedings in the above-captioned case. This case involves the exclusion of two entries pursuant to the Uyghur Forced Labor Prevention Act (UFLPA), *see* P.L. 117-78, 135 Stat. 1525 (Dec. 23, 2021). On January 30, 2026, U.S. Customs and Border Protection (CBP) determined, based on information provided by Camel Energy, Inc. (Camel Energy), that the entries are not subject to the UFLPA. CBP has released the entries that are the subject of this action, and many similar entries.

Currently, this case is proceeding on an expedited discovery schedule, and there is a motion to compel pending before the Court. Since advising plaintiff's counsel on January 30, 2026 of CBP's intent to release the merchandise, and subsequently filing a status report with the Court on February 6, 2026, we have been exploring the possibility of concluding this case with plaintiff's counsel. Unfortunately, discussions have not produced an expedient resolution. Because this case continues to proceed with looming

deadlines,[1] as discussed with the Court on February 11, 2026, we are moving to stay proceedings for 60 days or until this Court decides any motion to dismiss this case, whichever is later. We are hopeful that the parties will be able to come to an amicable resolution, however, defendants are prepared to file a motion should discussions prove fruitless. The granting of a stay will serve to avoid unnecessary litigation and minimize the expenditure of Court and party resources. Camel Energy is scheduled to file an opposition to this motion by February 17, 2026.

## BACKGROUND

Camel Energy commenced this action to challenge the exclusion of the merchandise in Entry Nos. 90604963689 and 90604964026, made at the Port of Atlanta, under cover of Protest Nos. 1704-25-106960 and 1704-25-106958, respectively. U.S. Customs and Border Protection (CBP) excluded the merchandise as being subject to the Uyghur Forced Labor Prevention Act (UFLPA), *see* P.L. 117-78, 135 Stat. 1525 (Dec. 23, 2021). The UFLPA was passed, in December 2021, to address the state-sanctioned forced labor of Uyghurs and other minorities inside and outside of Xinjiang, and to strengthen the prohibition of imports made with forced labor under 19 U.S.C. § 1307.

By way of background, Camel Group Co., Ltd., (Camel Group), the parent company to Camel Energy, is a Chinese entity listed under section 2(d)(2)(B) of the UFLPA. *See* Compl., *Camel Group, Co. Ltd. v. United States, et al.*, Court No. 25-22, at ¶ 8. The Forced Labor Enforcement Task Force (FLETF) found reasonable cause to believe that Camel Group benefits from state-sanctioned forced labor through its collaboration with "the government of the Xinjiang Uyghur Autonomous Region

---

[1] The current deadline for defendants' response to plaintiff's motion to compel is February 19, 2026. Discovery is scheduled to close on March 2, 2026.

2

(XUAR) to recruit, transport, transfer, harbor or receive forced labor or Uyghurs, Kazakhs, Kyrgyz, or members of other persecuted groups out of" the XUAR in violation of the UFLPA. *See* U.S. Department of Homeland Security, "Notice Regarding the Uyghur Forced Labor Prevention Act Entity List," 88 Fed. Reg. 50,902 (August 2, 2023). Camel Group challenged the listing decision in this Court as being in violation of the Administrative Procedure Act, 5 U.S.C. § 706, in *Camel Group Co., Ltd. v. United States, et al.*, Court No. 25-22, a matter that is currently pending before Judge Wang.

Camel Energy identified Camel Power (M) SND BHD (Camel Power), a Malaysian company, as the supplier for the merchandise at issue. *See* Compl., Ex. C1 & C2. The United States has reason to believe that, like Camel Energy, Camel Power is also a subsidiary, or affiliate of, the listed entity, Camel Group. *See id.* The merchandise at issue in this case was detained and excluded from entry. In its exclusion notices, CBP explained the basis for the exclusion:

> This merchandise has been identified as having been produced (in whole or in part) or having input(s) from the Xinjiang Uyghur Autonomous Region (XUAR) or by an entity on the UFLPA Entity List; therefore, it is presumed to be prohibited under 19 U.S.C. 1307 and not entitled to entry. Accordingly, this shipment is excluded from entry.

*See* Compl., Ex. B1 & B2. CBP further informed Camel Energy that it "may export the subject merchandise from the United States under CBP supervision in accordance with 19 C.F.R.§§ 18.25--18.27." *Id.* Camel Energy protested the exclusion under 19 U.S.C. § 1514; 19 C.F.R. § 174.12, and that protest was denied by operation of law 30 days later. *See* 19 C.F.R. § 174.21(b). Camel Energy challenges the denial herein, claiming that the merchandise in the entries at issue are not "subject to" the UFLPA. *See* Compl. ¶¶ 45-60.

3

Camel Energy seeks entry of its merchandise, a declaration that the merchandise is not subject to the UFLPA and attorneys' fees. *Id.*, Prayer for Relief.

Camel Energy sought an expedited scheduling order in this action, which was granted. Motion To Expedite (ECF No. 11). Accordingly, the parties have been conducting discovery on an expedited basis. Since the time of the exclusion of Camel Energy's entries and during the pendency of this case, CBP obtained and evaluated information pertaining to the specific supply chain for the merchandise at issue here. Based on this information, CBP was able to resolve outstanding questions with respect to the source of certain materials in the supply chain, and subsequently determined on January 30, 2026, that the merchandise is not subject to application of the UFLPA. That is, CBP determined that the rebuttable presumption identified in Section 3 of the UFLPA (which applies when merchandise is presumptively prohibited by section 307), does not apply to the merchandise in these entries.[2] Defendants thereafter informed plaintiff's counsel of the determination. Because the merchandise to be released is the subject of this court action, defendants submitted a status report on February 6, 2026, to advise the Court of recent developments. Despite the Government's notice of its intent to release the merchandise, and its statements that the merchandise is not subject to the UFLPA – the only relief that plaintiff sought and the only relief available by statute – Camel Energy has continued to seek additional discovery and demand additional relief.

At the Government's request, the parties had a conference call with the Court on

---

[2] The determination made by CBP in this case is not to be confused with an analysis as to whether an "exception" to the rebuttable presumption has been established. That is a separate analysis that occurs after it is confirmed that the UFLPA applies, *i.e.* when imported goods are from an entity on the UFLPA entity list or from the Xinjiang region of China.

4

February 11, 2026, to seek guidance on a way to advance this case to resolution.  The parties discussed with the Court the possibility of cooperatively resolving this case, or other means such as motion practice.  This motion to stay case proceedings follows.

## ARGUMENT

### I. Legal Standard

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).  "When and how to stay proceedings is within the sound discretion of the trial court." *Cherokee Nation of Okla. v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997) (citing *Landis*, 299 U.S. at 254-55).  This discretion is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis*, 299 U.S. at 254.

A stay is appropriate here.  CBP has released the two entries that are the subject of this case, granting the relief that Camel Energy sought.  To continue to litigate this case on an expedited discovery schedule and brief a motion to compel documents which will not aid in the disposition of this case, is an ineffective use of time, resources and effort for counsel, litigants, and the Court.

### II. Staying This Case Promotes Judicial Economy And Preserves Resources

Staying proceedings in this case will ease administrative burdens, promote judicial economy, and preserve the resources of both parties and the court.  As stated above, the two entries that were detained and excluded have been released by CBP on

February 12, 2026.  The merchandise was detained and excluded on the basis that it was subject to the UFLPA.  Specifically, Camel Energy's merchandise was identified as "having been produced (in whole or in part) or having input(s) from the Xinjiang Uyghur Autonomous Region (XUAR) or by an entity on the UFLPA Entity List…"  Exclusion notices, Compl., Ex. B1 & B2.  As explained, CBP received information during the course of this litigation which resolved issues in the supply chain for these entries of batteries resulting in a determination that the UFLPA does not apply to the merchandise at issue.

CBP is responsible for the enforcement of the UFLPA, and with respect to each entry, it is incumbent upon the agency to ensure compliance with 19 U.S.C. § 1307 and the UFLPA and prevent the admissibility of merchandise made in whole or in part with forced labor.  *See Ninestar Corp. v. United States*, 687 F. Supp. 3d 1308, 1343-44 (Ct. Int'l Trade 2024) (noting that "even a single entry of goods made with forced labor from Xinjiang is one too many" and that the "UFLPA's prohibitions are intended to strengthen international protections for human rights beyond Xinjiang and to forcefully denounce any form of forced labor . . .").  As part of its enforcement responsibilities, CBP was obligated to seek further information about plaintiff's supply chain.  Upon receipt of the necessary information, with respect to the supply chain for Camel Energy's imported articles, CBP determined that the UFLPA does not apply, and effectuated a release of the merchandise.

Camel Energy received the relief it sought, release of its detained and excluded entries, after the UFLPA enforcement procedure ran its course.  Moreover, because CBP was able to resolve questions with respect to the specific supply chain of the goods,

6

during the relevant time period, that determination resulted in the release of many other similarly situated Camel Energy entries of goods with the identical supply chain. There is no other relief that will result from continuing the expedited discovery schedule and litigating the pending motion to compel. Accordingly, a stay is appropriate to allow the parties to work cooperatively to achieve a resolution to the litigation, and in the event a motion to dismiss is needed, a stay will allow for defendants to file, and for the Court to decide, that motion.

## **CONCLUSION**

For the foregoing reasons, this Court should grant the defendants' motion for a stay in this case.

    Respectfully submitted,

    BRETT A. SHUMATE
    Assistant Attorney General
    Civil Division

    PATRICIA M. McCARTHY
    Director

    JUSTIN R. MILLER
    Attorney-In-Charge
    International Trade Field Office

    /s/ Aimee Lee
    AIMEE LEE
    Assistant Director

    /s/ Monica Triana
    MONICA TRIANA
    Senior Trial Counsel
    Department of Justice, Civil Division
    Commercial Litigation Branch
    26 Federal Plaza, Room 346
    New York, New York 10278
    (212) 264-9232 or 9230

Dated: February 13, 2026    *Attorneys for Defendants*

## CERTIFICATE OF COMPLIANCE

I, Monica Triana, an attorney in the Office of the Assistant Attorney General, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the Government's motion to stay, dated February 13, 2026, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's chambers procedures, and contains 1,818 words.

/s/ Monica P. Triana