IN THE UNITED STATES
COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CAMEL ENERGY, INC., | Before: Claire R. Kelly, Judge |
| Plaintiff, | |
| v. | Case No.: 25-00230 |
| UNITED STATES OF AMERICA and UNITED STATES CUSTOMS AND BORDER PROTECTION, | |
| Defendants. | |

**PLAINTIFF'S RESPONSE
TO DEFENDANTS' MOTION TO STAY**

In October of last year, Plaintiff Camel Energy, Inc. ("Plaintiff") moved to expedite this case under USCIT Rule 3(g)(3) based on, *inter alia*, "reputational harm to Plaintiff and its customers combined with CBP's complete indifference to those damages." ECF 11 at 3. The United States of America and United States Customs and Border Protection (collectively, "Defendants") did not timely respond to Plaintiff's motion to expedite, and the Court granted the motion. *See* ECF 18. Now, Defendants move to stay the case, arguing that because Defendants agree to release Plaintiff's entries, Plaintiff will obtain no relief from "continuing the expedited discovery schedule and litigating the pending motion to compel." ECF 42 at 8.

This is plainly wrong. Defendants ignore that Plaintiff's reputational damages continue unabated, not to mention the risk of reoccurrence of this harm due to the murky status of the Job Aid (Bates stamped: GOV0000855-857) and the fact that CBP attempted to recall Plaintiff's released merchandise as recently as January 2026. Indeed, while Defendants have offered release of the goods, which is part of the relief Plaintiff sought, it continues to show complete indifference to Plaintiff's reputational damages, which can be summarized in three parts. First and foremost,

1

the Government has smeared Plaintiff's brand with forced labor accusations. Second, the Government has harmed Plaintiff's reputation by causing major supply-chain disruptions for Plaintiff's customers, which means that if Plaintiff does not resoundingly and publicly win this case, including obtaining declaratory relief, and show a likelihood that similar six-month disruptions are unlikely to occur, its clients will be wary of relying on Plaintiff. Third, and more pointedly, so long as the Job Aid is in-force, that document makes it impossible for any of Plaintiff's customers to feel confident that Plaintiff will not suffer future supply-chain disruptions. When Plaintiff says it suffers "reputational harm," it means all of the above—i.e., the practical, real-world consequences of customers losing faith and confidence in Plaintiff's ability to timely follow-through on delivery of merchandise.

But Plaintiff's reputational harm is fully one-half of this case; indeed, reputational harms are why Plaintiff sought declaratory relief, and they are why Plaintiff moved to expedite. *See* ECF 2 at 11; ECF 11 at 3. Mere release of Plaintiff's merchandise does not undo the harm to Plaintiff's reputation. In fact, the mere release of the goods makes it appear, as Defendants repeatedly argued during the parties' February 11 status conference with the Court, that the process worked as it should, and that Defendants acted properly and reasonably—i.e., *that there is some evidence that there is forced labor in Plaintiff's supply chain*. Put differently, the mere release of goods makes Plaintiff's reputational harm permanent—the appearance to third-parties outside of this litigation is: Yes, Plaintiff squeaked by a UFLPA-applicability review this time, but the Government saw a red flag somewhere in the supply chain so *buyer beware*.

The taint Defendants have brought on Plaintiff's reputation cannot be undone by mere release of the goods; rather, the taint can only be undone by a public declaration from an Article

III court that Plaintiff's entries are not subject to the UFLPA.[1] *See* ECF 2 at 11. Plaintiff's on-going reputational harm, its request for declaratory relief to undo that harm, and the other facts discussed below militate against granting a stay in this case. Thus, Plaintiff asks the Court to deny Defendants' Motion to Stay.

### A.   A stay is not warranted in this case.

Defendants' motion to stay does not cite any law to support its assertion that this case should be stayed. *See generally*, ECF 42. Indeed, while the Defendants' motion is titled "Motion to Stay," it reads like a warm-up to a motion to dismiss. Defendants' sole argument for a stay appears to be that it believes the case is moot and wants more time to file a motion to dismiss. But that is not a basis for a stay for two reasons.  First, and as discussed *infra* Section B, the case is not moot and any motion to dismiss will fail.  Second, there is no precedent or logic in staying a case so a defendant may file an untimely motion to dismiss—Plaintiff has looked and cannot find any.

Perhaps Defendants do not discuss *why* a stay is proper because it is so plainly improper. This case should not be stayed because it is on an expedited schedule to ameliorate the reputational harms—*i.e.,* the real-word harms caused by a damaged reputation—Plaintiff is suffering. Those

---

[1] A declaration that Plaintiff's merchandise is not subject to the UFLPA includes as a logically necessary predicate that Plaintiff's *supply chain* is free of forced labor. After all, the merchandise cannot be free of forced labor if the supply chain is not also free of forced labor. Defendants have offered no authority—and Plaintiff cannot find any—that limits the specificity with which a court may grant declaratory relief. Plaintiff submits that if the Court can declare that Plaintiff's merchandise is not subject to the UFLPA (it can, *see* 28 U.S.C. § 2643(c)), then it can also declare more specifically that Plaintiff's merchandise is not subject to the UFLPA because the referenced and reviewed supply chain of that merchandise is free of forced labor. Correspondingly, if the Plaintiff's merchandise is free of forced labor and the merchandise's supply chain is free of forced labor, then the Job Aid (Bates stamped: GOV0000855-857) discussed at length at the parties February 11 status conference and in Plaintiff's motion to compel, *see* ECF 35 at 17-18, 20-21, is wrong, and the Court may declare so. The Job Aid requires the immediate exclusion of Plaintiff's merchandise as subject to the UFLPA.  It then follows that a declaration that Plaintiff's merchandise is not subject to the UFLPA is necessarily at-odds with the Job Aid, and the declaration may note that fact.

3

harms are ongoing now and compound each day this case drags on without a complete resolution and stay of the case will simply prolong them. Because those harms are on-going, Plaintiff seeks to bring this case to an end. To do so and in the absence of Defendants' willingness to participate in good faith settlement discussions, Plaintiff needs to complete discovery and file a motion for summary judgment. Given Defendants' withholding of relevant, unprivileged documents, a motion for summary judgment is still premature—to wit, Plaintiff has still yet to learn the factual basis (if any) of Defendants' decision to exclude its merchandise or the facts behind the Job Aid that the Government seems hell-bent on keeping secret. Plaintiff cannot move for summary while still in the dark of that fundamental fact, which is why timely resolution of the pending motion to compel and completion of discovery is critical to end this case and favors denying a stay of the litigation.

All told, Defendants' motion to stay does not argue why this case should be stayed other than to conclusory assert that Plaintiff has received all the relief it asked for (untrue), all the relief to which it is entitled (false), and that this case is moot (it isn't). A stay is not warranted, however, because Plaintiff is being harmed now, Plaintiff cannot move to end this case before completion of discovery (and a ruling on its motion to compel), and Plaintiff needs resolution of this case.

> **B.    This case is not moot, relief is available and can be provided, and any motion to dismiss is meritless.**

The impetus behind Defendants' Motion to Stay is that Defendants have released Plaintiff's merchandise, which is "the only relief that plaintiff sought and the only relief available by statute." Therefore, reading between the lines of Defendants' arguments—the case is moot because no more relief is sought or available and the litigation may be stayed while the parties negotiate a resolution.[2] Defendants' assumptions are wrong: Plaintiff has not received all the relief it sought,

---

[2] Plaintiff does not intend to use this response to Defendants' Motion to Stay to exhaust, notify or identify each and every argument it intends to use with respect to why its claims are not "moot," as that is an issue best briefed on a motion to dismiss. Litigation should not be stayed simply to

4

and there is a statutory basis for this Court to give Plaintiff all the relief—including declaratory relief—it seeks.

Taking a step back, one of the reasons a case is moot and must be dismissed is where "an event occurs while a case is pending . . . that makes it impossible for the court to grant 'any effectual relief whatever' to a prevailing party[.]" *Church of Scientology of California v. United States*, 506 U.S. 9, 12 (1992) (quotation omitted). Here, the Court can grant "effectual relief" to Plaintiff from its reputational harms by issuing a declaration that Plaintiff's merchandise is not subject to the UFLPA. Plaintiff indisputably sought just such a declaration. *See* ECF 2 at 11. And it is indisputable that the Court has the power to offer the declaratory relief Plaintiff seeks. *See* 28 U.S.C. § 2643(c) ("the Court of International Trade may . . . order any other form of relief that is appropriate in a civil action, including, but not limited to, declaratory judgments[.]"). Indeed, in *Spirit AeroSystems, Inc. v. United States*, this court considered whether an importer of record could seek declaratory relief under 28 U.S.C. § 1581(a), the provision that Plaintiff moved under in this case. 468 F. Supp. 3d 1349, 1354 (Ct. Int'l Trade 2020) (J. Kelly). This court concluded that a "request for a declaratory judgment . . . lies in a challenge to CBP's denial of a protest" and found that 28 U.S.C. § 2643 empowers it to order "any other form of relief that is appropriate[,]" to include declaratory relief. *Id*. In sum, this Court can give declaratory relief; Plaintiff sought declaratory relief; this case is not moot; and the deadlines should not be stayed because there is declaratory relief available.³

---

permit the Defendants time to file such a dispositive motion particularly where Plaintiff has not agreed and has active claims that require redress by the Court.

³ Moreover, "release of Plaintiff's merchandise will do nothing to address the very real concern that the job aid remains effective and could still be used against Plaintiff in the future. This fear is more real considering that during the course of this litigation, CBP already attempted to recall entries it had released earlier this year based on the "job aid." So long as the Government refuses

### C. Because a motion to dismiss would be meritless, a stay is not warranted.

Defendants argued "a stay is appropriate to allow the parties to work cooperatively to achieve a resolution to the litigation, and in the event a motion to dismiss is needed, a stay will allow for defendants to file, and for the Court to decide, that motion." ECF 42 at 8. However, when Plaintiff attempted to reach out to Defendants to work cooperatively to achieve a resolution, even going so far as to articulate clearly what it needs to end this litigation, Defendants simply dismissed Plaintiff's requests in less than an hour and then asked the court to intervene. Based on this, Defendants' argument that a stay would somehow change the Government's posture on settlement and cause them to suddenly work cooperatively with Plaintiff seems unlikely and does not weigh in favor of a stay. Plaintiff should be permitted to continue its litigation until a resolution is reached, and a stay should not be granted simply to allow the Government time to determine whether it wants to cooperate or file a motion to dismiss. In fact, denying a stay and keeping the current expedited litigation schedule will better facilitate a cooperative resolution since the specter of deadlines, work, and continued litigation is a better motivator for the parties to discuss a resolution sincerely, seriously, expeditiously, and in good faith.

Defendants allude to the alleged mootness of this case as the basis for their motion to dismiss, but do not come out and say it. But as just explained, a motion to dismiss based on mootness is frivolous, and Plaintiff is not aware of other colorable basis for dismissing this case. Furthermore, one of Plaintiff's basis for seeking expedited treatment for this litigation was the fact

---

to address the facts and use surrounding the "job aid," it is not unreasonable to expect that this type of action may continue without opportunity for recourse. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) ("A case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."); *see also Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (holding that if "cases are capable of repetition, yet evading review" they are not moot)." ECF 38 at p. 3.

6

that Plaintiff suffered reputational harm and sought declaratory relief. *See* ECF 2 at 11; ECF 11 at 3. Accordingly, staying this case for Defendants to move to dismiss would not further judicial efficiency and would only serve to extend Plaintiff's damages. While Plaintiff broached settlement discussions with Defendants, its proposed settlement offer was unceremoniously rebuffed. Plaintiff is open to continuing settlement discussions, but because Defendants have shown no interest to date in settling this case on equitable terms, a stay on that basis is unwarranted.

      A stay is also unwarranted because nothing in the record militates in favor of granting a stay. Woven throughout Defendants' Motion to Stay are references to the fact that *it (i.e., the Government)* made statements to the effect that Plaintiff's merchandise is free of forced labor, *see* ECF 42 at 5 ("Despite the Government's . . . statements that the merchandise is not subject to the UFLPA – the only relief that plaintiff sought"), so Plaintiff has no basis to continue seeing a declaration from the Court. But statements of CBP officers do not carry the same weight as this Court *declaring* Plaintiff's merchandise is free of forced labor. Private or even public statements of unknown officers does little to rehab Plaintiff's reputation. In contrast, public declarations by the Court would ameliorate some of Plaintiff's reputational harm and begin to provide Plaintiff part of the relief it needs and sought in bringing this case. That is why in this case Plaintiff seeks a solemn, reasoned, *public* declaration from the Court that after contentious litigation the entries subject to this litigation, and correspondingly the entries' supply chain, are proven to be free of forced labor and not subject to the UFLPA.

      At bottom, Defendants seek a stay of the case under this Court's incidental powers, but they fail to offer any meaningful reason why a stay would further justice in this case. Defendants have not—indeed, cannot, absent a stipulated consent judgment—offer Plaintiff the relief it seeks to clear its reputation, and this Court *can* offer the relief Plaintiff requests. And the harm to

7

Plaintiffs' reputation is one of the reasons this case was expedited. ECF 11 at 3. It thus defies logic[4] to stay the case mid-stream when Plaintiff's reputation is still in shambles, each day delayed only compounds Plaintiff's reputational harm, and there is pending motion to compel that will draw back the curtains on Defendants evidence (if any) against Plaintiff so that Plaintiff can clear its name. Indeed, the motion to compel may well be *the key* to this case.

## Conclusion

For the above reasons, Plaintiff asks the Court to deny Defendants' motion to stay. Plaintiff is being harmed now and ameliorating that harm is the reason this case was expedited—staying the case now will effectively undo the prior order expediting the case. Further, Defendants' sole reason in asking for the stay is to delay its deadline to respond to a motion to compel while it drafts a baseless motion to dismiss, but resolution of the motion to compel and completion of discovery are necessary in order for Plaintiff to move for summary judgment. Thus, the stay will actually delay the resolution of this case. For these reasons, Plaintiff respectfully requests that the Court deny Defendants' Motion to Stay.[5]

---

[4] Plaintiff submits one of the reasons Defendants seek a stay is because Defendants' counsel is struggling to respond to the arguments raised in Plaintiff's motion to compel. It is public record that the Department of Justice has lost, and continues to lose, "thousands of experienced attorneys" during the pendency of this litigation. *See e.g.*, Reuters, *Lawyers leaving US government drive workforce shift*, (January 29, 2026) https://www.reuters.com/legal/government/lawyers-leaving-us-government-drive-workforce-shift-2026-01-29/ (reporting on "An exodus of lawyers from the U.S. government" with 8,599 lawyers reported to have left of which "About one-third of the exiting attorneys worked for the DOJ.") (last accessed February 16, 2026). But the exodus of DOJ lawyers is not a reason to stay this case and extend Plaintiff's reputational harms.

[5] Defendants' Motion to Stay also makes no mention of the pending deadlines of the sister case, Case No. 25-420 also pending in front of Judge Kelly, but concerns entries of merchandise and review of a supply chain substantially similar to the ones at issue here.

**DATED:** February 17, 2026        Respectfully Submitted,

/s/ *Mark V. Heusel*
Mark V. Heusel
Jacob L. Clark
Daniel C. Ziegler
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1908
mheusel@dickinsonwright.com
jlclark@dickinsonwright.com
dziegler@dickinson-wright.com
*Attorneys for Plaintiff Camel Energy, Inc.*

# IN THE UNITED STATES
# COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| CAMEL ENERGY, INC., | Before: Claire R. Kelly, Judge |
| Plaintiff, | |
| | Case No.: 25-00230 |
| v. | |
| UNITED STATES OF AMERICA and UNITED STATES CUSTOMS AND BORDER PROTECTION, | |
| Defendants. | |

## CERTIFICATE OF SERVICE FOR
## PLAINTIFF'S RESPONSE TO DEFENDANTS MOTION TO STAY

I hereby certify that on February 17, 2026, a true copy of Camel Energy Inc.'s Response to Defendants' Motion to Stay in Case No. 25-00230, *Camel Energy Inc., v. United States, et al.*, was served via CM/ECF to all attorneys of record to the below emails:

Monica Triana: monica.p.triana@usdoj.gov

Mathias Rabinovitch: mathias.rabinovitch@usdoj.gov

Michael Anderson: michael.a.anderson@cbp.dhs.gov

Dated: February 17, 2026

                                                                                    */s/ Jacob L. Clark*
                                                                                    Jacob L. Clark
                                                                                    DICKINSON WRIGHT PLLC
                                                                                    350 S. Main Street, Suite 300
                                                                                    Ann Arbor, MI 48104
                                                                                    (734) 623-1624
                                                                                    jlclark@dickinsonwright.com
                                                                                    *Attorney for Plaintiff Camel Energy, Inc.*

10