UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| **CAMEL ENERGY, INC.,**<br><br>     Plaintiff,<br><br>v.<br><br>**UNITED STATES, ET AL.,**<br><br>     Defendants. | Before: Claire R. Kelly, Judge<br><br>Court No. 25-00230 |

**OPINION AND ORDER**

[Granting in part and denying in part Defendants' Motion to Stay.]

Dated: February 17, 2026

Jacob Louis Clark, Lead Attorney, Mark Vincent Heusel, Lead Attorney, and Daniel C. Ziegler, Dickinson Wright, PLLC of Ann Arbor, MI for Plaintiff Camel Energy, Inc.

Monica Perrette Triana, Lead Attorney and Mathias Rabinovitch, U.S. Department of Justice, International Trade Field Office, and Michael Andrew Anderson, U.S. Customs and Border Protection, Office of the Assistant Chief Counsel, International Trade Litigation, of New York, NY, for Defendants United States and U.S. Customs and Border Protection.

Kelly, Judge: Before the Court is Defendants United States and U.S. Customs and Border Protection's (collectively, "Defendants") motion to stay. See ECF No. 42. For the reasons explained below, Defendants' motion is granted in part and denied in part.

BACKGROUND

Plaintiff Camel Energy, Inc. ("Plaintiff") commenced this matter on October 24, 2025, to challenge U.S. Customs and Border Protection's ("Customs" or "CBP") decision to exclude two shipments of Plaintiff's merchandise from entry into the

United States under the Uyghur Forced Labor Prevention Act ("UFLPA"). See ECF No. 2. On October 29, 2025, Plaintiff moved to expedite under USCIT Rule 3(g)(3). See ECF No. 11 ("Pl. Mot. to Expedite"). On October 30, 2025, pursuant to a telephone conference with the parties, the Court ordered Defendants to respond to Plaintiff's motion to expedite. See ECF No. 15. On November 4, 2025, after Defendants failed to file a timely response to Plaintiff's motion, the Court granted Plaintiff's motion for expedited treatment and further ordered that Plaintiff file a proposed briefing schedule. See ECF No. 18. On November 5, 2025, the Court ordered Defendants to file a proposed briefing schedule. See ECF No. 20. On November 7, 2025, upon review of the parties' proposed schedules, the Court entered a scheduling order with expedited briefing. See ECF No. 23. On November 24, 2025, Defendants filed their answer. See ECF No. 26. On December 16, 2025, the parties moved for a joint protective order to govern how the parties disclose and handle certain information exchanged in discovery, see ECF No. 30, and the Court subsequently granted the motion and stipulated protective order. See ECF No. 31.

On January 29, 2026, Plaintiff filed a motion to compel discovery from Defendants. See ECF Nos. 34–35. On February 6, 2026, Defendants filed a status report and Notice of Release of Merchandise. See ECF No. 37. On February 10, 2026, Plaintiff filed a status report, indicating it has remaining concerns with the litigation that it seeks to resolve. See ECF No. 38. On February 11, 2026, the parties and the Court met via telephone conference. See ECF No. 40. During the conference, Defendants indicated to the Court that because the merchandise at issue in this

action was set to be released, they plan to move to dismiss this action. See ECF No. 40. Defendants filed the instant motion to stay on February 13, 2026. See ECF No. 42 ("Defs. Mot. to Stay"). Plaintiff responded to the motion on February 17, 2026. See ECF No. 44 ("Pl. Resp.").

## JURISDICTION

The Court has jurisdiction according to 28 U.S.C. § 1581(a) (2018) and 19 U.S.C. § 1514(a)(4) (2018).

## DISCUSSION

Defendants move to stay this case for 60 days, or until Defendants file and this Court decides a motion to dismiss, whichever occurs later. See generally Def. Mot. to Stay. Defendants argue that Plaintiff has already received the relief it sought because Customs released the previously excluded merchandise, and that a stay will allow the parties to pursue a resolution, and, if necessary, allow Defendants time to prepare and file a motion to dismiss. See generally id. Plaintiff argues this Court should not stay the action because Defendants have not articulated a basis for the stay. See Pl. Resp. For the reasons set forth below, Defendants' motion to stay is granted in part and denied in part.

Courts have the authority to stay proceedings to promote efficiency and conserve time and effort for the Court and the parties. Landis v. N. Am. Co., 299 U.S. 248, 254–55 (1936). Although the decision to grant or deny a stay is at the Court's discretion, courts must balance competing interests, including judicial economy and efficiency. Id.; see also Cherokee Nation of Okla. v. United States, 124 F.3d 1413,

Court No. 25-00230                                                                                                   Page 4

1416 (Fed. Cir. 1997). The Court must also consider its "paramount obligation to exercise jurisdiction timely in cases properly before it." Groves v. McDonough, 34 F.4th 1074, 1080 (Fed. Cir. 2022) (citing Cherokee Nation, 124 F.3d at 1416). Where a stay could cause damage to the opposing party, the moving party must "make out a clear case of hardship or inequity in being required to go forward." Landis, 299 U.S. at 254–55. Courts also recognize that "some harm is inherent in any denial of the right to proceed" because parties have an interest in the prompt resolution of disputes. Kaptan Demir Celik Endustrisi Ve Ticaret A.S. v. United States, 592 F. Supp. 3d 1332, 1338 (Ct. Int'l Trade 2022) (citing Neenah Foundry Co. v. United States, 24 C.I.T. 202, 205 (Ct. Int'l Trade 2000)).

     Here, the Court will stay discovery for a limited period of time. In October 2025, Plaintiff moved to expedite proceedings and discovery based primarily on the harm caused by Customs's refusal to release its goods. Pl. Mot. to Expedite at 1 (arguing it "continues to incur damages in port and storage fees as a result of CBP's exclusion and denial of Plaintiff's protest"). Plaintiff added, "[g]iven the heavy economic and reputational harm to Plaintiff and its customers combined with CBP's complete indifference to those damages by excluding and delaying its release of that Merchandise, there is good cause to expedite this case." Id. at 3. Thus, Plaintiff's motion to expedite focused on the harm, both economic and reputational, caused by the exclusion of its goods.

     Plaintiff now suggests "[r]eputational harm is fully one-half of this case . . . ." Pl. Resp. at 2. Plaintiff focuses on the reputational harm caused by the lack of a

public declaration that "Plaintiff's entries are not subject to the UFLPA." See Pl. Resp. at 2–3. Indeed, Plaintiff expects that "[a] declaration that Plaintiff's merchandise is not subject to the UFLPA includes as a logically necessary predicate that Plaintiff's supply chain is free of forced labor." Id. at 3 n.1 (emphasis in the original). Plaintiff argues that a stay would delay the "declaratory relief" it seeks to remedy its alleged ongoing reputational harms. Id. at 2–3.

Defendants explain that the goods which were being excluded have been released as of February 12, 2026. Defs. Mot. to Stay at 5–6. Thus, Defendants argue, Plaintiff is no longer incurring the costs that necessitated expedited treatment. Id. at 5–6. As Plaintiff notes, Defendants do not appear to justify their request for a stay other than to suggest that the case is, for all intents and purposes, over. Pl. Resp. at 4; see Defs. Mot. to Stay at 6–7 ("Camel Energy received the relief it sought, release of its detained and excluded entries . . . [t]here is no other relief that will result from continuing the expedited discovery schedule and litigating the pending motion to compel"). However, Defendants have not filed a motion to dismiss.[1] Defendants instead indicate that "a stay is appropriate to allow the parties to work cooperatively to achieve a resolution to the litigation, and in the event a motion to dismiss is needed, a stay will allow for Defendants to file, and for the Court to decide, that motion." Defs. Mot. to Stay at 7.

---

[1] Defendants indicated in the telephone conference with the Court that they intended to file a motion to dismiss the case, see ECF No. 40, however, they did not indicate an intention to do so in the instant Motion to Stay. See generally Defs. Mot. to Stay.

Previously, the Court granted Plaintiff's motion to expedite based on the allegation of ongoing harm caused by Customs's refusal to release Plaintiff's goods. See ECF No. 18. Now that Plaintiff's goods have been released, its arguments concerning the exigent nature of its reputational harm fail to persuade. See Pl. Resp. In terms of relief for reputational harm, Plaintiff has not argued that the harm it alleges is time-sensitive, cumulative, or meaningfully different from the reputational effects commonly faced by parties litigating against the government pending final adjudication.

At the same time, Defendants' request for a stay "to allow the parties to work cooperatively to achieve a resolution to the litigation" also fails to persuade. See Defs. Mot. to Stay at 7. Defendants have not explained how delaying this adjudication would promote judicial economy or efficiency, beyond asserting their view that Plaintiff is not entitled to any further relief. If Defendants contend that dismissal is warranted, they should file a motion to dismiss. Accordingly, discovery is stayed until March 17, 2026, by which time Defendants may either file a motion to dismiss or respond to Plaintiff's Motion to Compel. If Defendants file a motion to dismiss, they may, by separate motion, renew their motion to stay pending resolution of the motion to dismiss.

## CONCLUSION

In accordance with the foregoing, it is

**ORDERED** that Defendants' motion to stay is GRANTED in part and DENIED in part; and it is

**ORDERED** that discovery is stayed until March 17, 2026; and it is further

**ORDERED** that Defendants shall file a motion to dismiss, if any, on or before Tuesday, March 17, 2026; and it is further

**ORDERED** that Plaintiff may file a response to Defendants' motion to dismiss no later than Tuesday, April 7, 2026; and it is further

**ORDERED** that Defendants may file a reply no later than 21 days after the response is filed by Plaintiff; and it is further

**ORDERED** that if Defendants file a motion to dismiss, they may, by separate motion, renew their motion to stay pending resolution of the motion to dismiss.

/s/ Claire R. Kelly
Claire R. Kelly, Judge

Dated:    February 17, 2026
          New York, New York