**IN THE UNITED STATES
COURT OF INTERNATIONAL TRADE**

CAMEL ENERGY, INC.,

        Plaintiff,

    v.

UNITED STATES OF AMERICA and
UNITED STATES CUSTOMS AND
BORDER PROTECTION,

        Defendants.

Case No.: _25-00230_

Hon. _Claire R. Kelly_____

---

**CAMEL ENERGY, INC.'S RESPONSE
TO DEFENDANTS' MOTION TO EXTEND STAY**

**INTRODUCTION**

Defendants have forgotten the bedrock of this nation, which is that "[n]o man in this country is so high that he is above the law." *United States v. Lee*, 106 U.S. 196, 220 (1882). "All the officers of the government, from the highest to the lowest, are creatures of the law and are bound to obey it. It is the only supreme power in our system of government[.]" *Id*. Indeed, those serving as officers of the United States, the Supreme Court has explained, are "only the more strongly bound to submit to that supremacy, and to observe the limitations which [the law] imposes upon the exercise of the authority which it gives." *Id*.

On February 17, the Court ordered: "discovery is stayed until March 17, 2026, by which time Defendants may either file a motion to dismiss or respond to Plaintiff's Motion to Compel." ECF 45 at 6. In the same Feb. 17th Order, the Court explicitly rejected Defendants' request to stay the case to allow settlement discussions between the parties. *Id*. ("Defendants' request for a stay 'to allow the parties to work cooperatively to achieve a resolution to the litigation' also fails to persuade.") (quotation omitted). This Court found: "Defendants have not explained how delaying

1

this adjudication would promote judicial economy or efficiency, beyond asserting their view that Plaintiff is not entitled to any further relief. If Defendants contend that dismissal is warranted, they should file a motion to dismiss." *Id*. at 6.

March 17 has come and gone, and Defendants have neither moved to dismiss this case nor responded to Plaintiff's Motion to Compel. Instead, Defendants have moved for a 14-day extension of the stay in open defiance of the Court's explicit Order to the contrary. *Compare* ECF 46 *with* ECF 45. Defendants cite no statute, rule, or case law entitling them to an extension of stay. *See generally*, ECF 46. No, instead, rather than citing *any* law, Defendants merely cite (in a motion that barely breaks 300 words) the parties' settlement discussions as a reason to extend the stay— the very grounds the Court *rejected* just last month.

As explained below (*with supporting citations to <u>law</u>*), Defendants are not entitled to a stay. Simply, Defendants have not even acknowledged, let alone satisfied, the standard for granting a stay that was set by the Supreme Court and the Federal Circuit and that has been applied by this very Court. *See Landis v. North American Co.*, 299 U.S. 248, 254 (1936); *Cherokee Nation v. United States*, 124 F.3d 1413, 1416 (Fed. Cir. 1997); *Novolipetsk Steel Public Joint Stock Company, et al. v. United States, et al.*, Case No. 20-00031 (Ct. Int'l Trade 2020) (J. Kelly). For these reasons, Plaintiff Camel Energy, Inc. respectfully requests that the Court deny Defendants' Motion to Extend Stay (ECF 46), grant Plaintiff a judgment under 28 U.S.C. § 2643 for the costs and fees incurred in preparing this response, find Defendants failed to timely oppose Plaintiff's motion to compel, and consider and rule on the motion to compel without argument from Defendants.

## BACKGROUND AND FACTS

### *Where this Case Stands*

On February 17, this Court ordered a stay of discovery (and, correspondingly, its consideration of Plaintiff's Motion to Compel, *see* ECF 35) until March 17, 2026, and that "Defendants shall file a motion to dismiss, if any, on or before Tuesday, March 17, 2026" or respond to Plaintiff's motion to compel. ECF 45 at 6-7. Indeed, the Court found "[a]s Plaintiff notes, Defendants do not appear to justify their request for a stay other than to suggest that the case is, for all intents and purposes, over." *Id*. at 5. The Court noted that Defendants' statement that the case was over didn't align with the fact that "Defendants have not filed a motion to dismiss." *Id*. Nevertheless, the Court granted the stay because it found "[n]ow that Plaintiff's goods have been released, its arguments concerning the exigent nature of its reputational harm fail to persuade." *Id*. at 6. The Court further found that "[a]t the same time, Defendants' request for a stay 'to allow the parties to work cooperatively to achieve a resolution to the litigation' also fails to persuade." *Id*. The Court found "[i]f Defendants contend that dismissal is warranted, they should file a motion to dismiss", before ordered: "discovery is stayed until March 17, 2026, by which time Defendants may either file a motion to dismiss or respond to Plaintiff's Motion to Compel." *Id*. at 6-7.

### *Defendants' Present Motion*

Defendants now move to extend the stay. *See* ECF 46. Defendants have not filed a motion to dismiss, and Defendants have not filed a response to Plaintiff's now nearly seven-week-old motion to compel. Indeed, Defendants do not signal any intent to ever move to dismiss or ever respond to the pending motion to compel. *See id*. Put differently, Defendants have ignored the Court's clear order, which set out two paths by which the case would proceed, and opted for a third path. As support for its failure to comply with the Court's order, Defendants cite the parties'

settlement discussions. But this Court *explicitly* rejected settlement discussions as a persuasive basis to grant a stay. *See* ECF 45 at 6 ("At the same time, Defendants' request for a stay 'to allow the parties to work cooperatively to achieve a resolution to the litigation' also fails to persuade.") That same logic applies here.

Moreover, while the parties have negotiated on and off, *the parties have reached an impasse in settlement discussions*. It baffles belief that Defendants received an order of the Court directing them to *either* file a motion to dismiss *yesterday or* file an answer to compel *yesterday* and did not prepare drafts of either document, instead relying entirely on the possibility that this case would conclude by agreement, and even then only seeking an extension of the stay late on the very day a motion to dismiss or a response to plaintiff's motion to compel was due.

### *Why this Case will not Settle*

Why isn't this case settling? Because it presents novel, never-before-addressed issues of law for this Court's review, and because the Government is unwilling to acknowledge that either it erred in excluding Plaintiff's goods or determined that Plaintiff satisfied its burden that none of its goods should have been excluded from entry.

This case was brought under 28 U.S.C. § 1581(a) to challenge Customs and Border Protection's ("CBP") denial of Plaintiff's protest of exclusion of entry under the Uyghur Forced Labor Prevention Act ("UFLPA"). *See* ECF 2. Section 1581(a) cases are common, but this is, as far as Plaintiff's diligent search has revealed, the *first* § 1581(a) case challenging exclusion of any entry under the UFLPA *ever*. This case is therefore establishing new law with respect to § 1581(a) suits challenging denials made under the UFLPA and the standard of proof applied to CBP's review of an importer's petition. One pressing question of law presented in this case is: What standard of proof must Plaintiff satisfy to obtain release of its goods? This question is plainly presented in this

case because, whatever the burden of proof is and at what point it arises, Plaintiff must meet it to obtain release of the goods.

Defendants argue they released Plaintiff's merchandise after completing a UFLPA *applicability* review, which means Plaintiff showed to CBP's satisfaction that the UFLPA does not apply. *See* ECF 42 at 5 (staying "the merchandise is not subject to application of the UFLPA."). But Exhibits B1 and B2 to Plaintiff's complaint (reattached here as **Exhibit 1** and **Exhibit 2** for convenience) are exclusion notices of the merchandise at issue here, in which CBP stated: "You are hereby advised that the below listed entry is ***subject*** to the [UFLPA]." *See* Exhibit 1 at 1; Exhibit 2 at 1 (emphasis added). Doubling down on its assertion that the UFLPA applied to Plaintiff's merchandise, CBP checked a box on its exclusion notice providing:

> ■ This merchandise has been identified as having been produced (in whole or in part) or having input(s) from the Xinjiang Uyghur Autonomous Region (XUAR) or by an entity on the UFLPA Entity List; therefore, it is presumed to be prohibited under 19 U.S.C. 1307 and not entitled to entry. Accordingly, this shipment is excluded from entry.

Exhibit 1 at 1; Exhibit 2 at 1.

Importantly, CBP did *not* check any of the three other boxes on the exclusion notice that would have allowed it to exclude merchandise from entry without making a determination that the UFLPA applied. *See id*. (three unchecked boxes allowing exclusion because "the importer failed to request an exception or failed to provide evidence" because "insufficient evidence was provided" and because "CBP found insufficient evidence to grant an exception."). So, it is completely clear that at that time CBP believed the UFLPA *applied* to Plaintiff's merchandise and that it excluded Plaintiff's goods based on the UFLPA's applicability.

Why does this matter? Because after the CBP determines the UFLPA applies to goods, i.e., that the merchandise is "subject" to the UFLPA, CBP applies what is called a "rebuttable presumption" against the importer, meaning that the standard of proof on the importer to obtain

release of its goods increases to a much higher "clear and convincing" evidence standard. *See* Uyghur Forced Labor Prevention Act, Pub. L. No. 117-78, § 3B, 135 Stat. 1525 (2021). Put another way, once CBP determines that the UFLPA applies, CBP imposes a "rebuttable presumption" that the goods were produced with forced labor from Xinjiang, China and must be satisfied by "clear and convincing evidence" from the importer that the goods were *not* made with forced labor from Xinjiang, China.

Here, Plaintiff has operated under the assumption that the "clear and convincing" evidence standard applied because of the exclusion notice, which says that the UFLPA *applies* and the goods are "subject" to the UFLPA, *not* that the UFLPA *may* apply or the goods *may* be "subject" to the UFLPA. Exhibits 1 at 1 and 2 at 1. Thus, when CBP notified Plaintiff that its goods were to be released, Plaintiff assumed that its goods had met the clear-and-convincing evidence burden. *Contra*-expectations, Defendants now refuse to acknowledge the clear-and-convincing standard applied in this case. Rather, Defendants maintain that this has been an applicability review all along and the "rebuttable presumption" (i.e., the clear and convincing evidence standard) never applied despite CBP issuing the exclusion orders.

Defendants' refusal to engage with the issue of what standard Plaintiff met to obtain release of its goods harms Plaintiff. Plaintiff has been smeared with heinous and demonstrably false allegations that it participates in the use of forced labor. Plaintiff has shown *by clear and convincing evidence* that it does *not* participate in the use of forced labor, and now the Government seeks to hide that accomplishment. Section 1581(a), however, entitles Plaintiff to a judgment from this Court that Plaintiff satisfied its burden of proof, *i.e.*, that its goods are "not subject to the UFLPA" ECF 2 at 11. Such a judgment would also discuss what that burden of proof was that Plaintiff met—a novel issue of law.

To sidestep the complexities of establishing new law on what burden of proof an importer bears when challenging CBP's denial of a protest of exclusion of goods under the UFLPA and when that higher burden applies (i.e., when does the UFLPA's "rebuttable presumption" first apply), Plaintiff proposed a stipulated judgment stating that Plaintiff showed by "clear and convincing evidence" that it does not participate in the use of forced labor. Alternatively, if Defendants believed that the presumption did not apply, did not want to include that language or acknowledge the correct standard, or did not wish to engage on the complexities and novel issues under the UFLPA, Plaintiff suggested CBP rescind the exclusion order the same way they rescinded Plaintiff's detention order in this case. *See* ECF 2 at ¶ 32 and ECF 26 at ¶ 32.[1] Defendants refuse to make such a judgment or give any meaningful response regarding whether CBP may be willing to rescind the exclusion orders or otherwise address the conflict between its decision on release of Plaintiff's goods and the existence of the exclusion orders. That is why settlement discussions are at an impasse. If Defendants refuse to acknowledge Plaintiff's accomplishment in proving the utter falsity of Defendants' heinous accusation by clear-and-convincing evidence or refuse to rescind the exclusion orders or otherwise address the conflict in law with the UFLPA created by the exclusion orders, then Plaintiffs will seek relief from the Court through a motion for summary judgment or at trial.[2]

---

[1] This is why Plaintiff's motion to compel regarding the information surrounding the "Jobs Aid" and its application is important. The recission of the detention orders and issuance of the exclusion orders was likely a result of the "Jobs Aid" that has created this very situation. As such, the issues surrounding the "Jobs Aid" and issues concerning the correct standard of proof that Plaintiff has met to obtain release of its goods are inextricably intertwined.

[2] The parties are not perfectly aligned on other issues too, but the burden of proof borne by Plaintiff is the core issue. Moreover, these issues are not complex. Defendants have dragged their feet for nearly a month, and now that the deadline for them to act has come *and gone,* they seek additional time to allegedly decide whether to settle or press on with their frivolous defense. Defendants, however, are subject to the law. *Lee*, 106 U.S. at 220. If they will not timely give Plaintiff the relief

**LEGAL STANDARD**

The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Novolipetsk Steel*, Case No. 20-00031 (Ct. Int'l Trade 2020) (J. Kelly) (attached as **Exhibit 3**) (quoting *Landis*, 299 U.S. at 254). "Although the decision to grant or deny a stay rests within the court's sound discretion, courts must weigh and maintain an even balance between competing interests when deciding whether a stay is appropriate." *Id*. (citing *Landis*, 299 U.S. at 254–55; *Cherokee Nation*, 124 F.3d at 1416) (citations omitted).

"A court may properly determine that 'it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it[.]'" *Novolipetsk Steel*, Case No. 20-00031 (Ct. Int'l Trade 2020) (J. Kelly) (quoting *Diamond Sawblades Mfrs' Coal. v. United States*, 34 CIT 404, 406 (2010)). "The court may also consider whether the stay promotes judicial economy." *Novolipetsk Steel*, Case No. 20-00031 (Ct. Int'l Trade 2020) (J. Kelly) (citing *Diamond Sawblades*, 34 CIT at 406–08.

**ARGUMENT**

*Defendants' Motion to Extend the Stay*

Defendants make no effort to discuss why this Court should conclude a stay is appropriate after "weigh[ing] and maintain[ing] an even balance between competing interests." *Novolipetsk Steel*, Case No. 20-00031 (Ct. Int'l Trade 2020) (J. Kelly) (citation omitted). Indeed, the only reason cited by Defendants is the reason this Court explicitly rejected last month—a stay of the case to allow the parties to discuss settlement. *See* ECF 45 at 6. Staying this case to allow

---

Plaintiff is entitled to have *by law*, then Plaintiff has a right to use the law to take it, if it can. Perpetual delays do not serve the law.

settlement discussions is not a sufficient reason to stay this case. The parties can certainly work out any differences towards a settlement with other court-mandated deadlines in place to focus their decisions. Defendants ask, "to extend the stay while the parties continue to work on the proposed stipulated judgment" *immediately* before acknowledging that Plaintiff's counsel "indicated that they oppose an extension of the stay." ECF 46 at 2. Respectfully, this Court should not stay this case to allow settlement discussions to continue when one party to the settlement discussions opposes a stay on those grounds. Plaintiff is not suggesting that it will not engage in such discussions, but the parties do not require a stay to have these discussions, and a stay will in fact *hinder* the effectiveness of such discussions, assuming any more occur.

Further, Plaintiff provided Defendants with a clear explanation and path forward to resolving through settlement:  Acknowledge that the exclusion orders triggered the application of the UFLPA's "rebuttable presumption" and include language in a stipulation that Plaintiff met a "clear and convincing" evidence burden to obtain release of its goods, OR, alternatively, rescind the exclusion orders. This simple, reasonable request accurately reflected the law and facts of Plaintiff's situation, yet Defendants gave no indication whether this easy, and frankly necessary, request would be acceptable. Defendants' only response to this request is that the ACE portal will keep a record of both the exclusion and the release, completely ignoring the issues raised by Plaintiff. Respectfully, this Court should not stay this case to allow settlement discussions to continue where the parties cannot agree on the fundamental issues of fact and law that need to be addressed.

Looking past Defendants' weak arguments, the law does not support a stay in this case. To begin, a stay will not promote efficiency of this Court's docket. The parties are at an impasse, and they need the Court to break the impasse by resolving the pending motion to compel, allowing the

parties to complete discovery, and allowing the parties to either file motions for summary judgment or move the case to trial. That is how this case will be resolved, and a stay will only cause this case to stagnate.

Second, the fairest course for the parties is not to enter a stay of an action. Plaintiff filed this action to obtain a release of its merchandise and for a declaratory judgment. *See* ECF 2 at 12. Defendants opposed the relief. Now, Defendants have claimed that the merchandise is released in ACE, but it opposes the declaratory judgment. It also opposes any statement about what standard Plaintiff met to obtain release of its merchandise and opposes rescinding the exclusion orders that would resolve this conflict under the UFLPA. This case is thus still active, and Plaintiff is entitled to relief. The fairest course is for the case to continue so that the parties may contest the merits of the case and Plaintiff may obtain the declaratory relief it seeks, if it succeeds on a motion for summary judgment or at trial.

Third, judicial economy favors denial of a stay. It is evident this case will not settle. Judicial economy therefore favors litigating this case, not litigating motions about staying this case.

### Defendants' (missing) Motion to Dismiss

When requesting the first stay of discovery, Defendants sought a stay under the pretense that a motion to dismiss was warranted. *See* ECF 42. Despite that pretense, Defendants have not filed a motion to dismiss or offered a shred of support for its claim. But as the Court held when it last stayed the case: "[i]f Defendants contend that dismissal is warranted, they should file a motion to dismiss." ECF 45 at 6. Indeed, the Court just gave Defendants a month to draft and file a motion to dismiss, and no motion to dismiss has materialized. Now, Defendants abandon any pretense that a motion to dismiss is warranted. *See* ECF 46. Nor, in fact, are Defendants interested in responding to Plaintiff's motion to compel. *See id*.

10

Besides, and as Plaintiff has explained previously, there is no reasonable basis for a motion to dismiss. *See* ECF 44 at 4-5 (arguing "This case is not moot, relief is available and can be provided, and any motion to dismiss is meritless."). This case is plainly not mooted by the release of Plaintiff's merchandise because Plaintiff sought declaratory relief, and this Court plainly has constitutional and statutory jurisdiction to grant the declaratory relief Plaintiff seeks. *See Spirit AeroSystems, Inc. v. United States*, 468 F. Supp. 3d 1349, 1354 (Ct. Int'l Trade 2020) (J. Kelly) (finding a "request for a declaratory judgment . . . lies in a challenge to CBP's denial of a protest" and found that 28 U.S.C. § 2643 empowers it to order "any other form of relief that is appropriate[,]" to include declaratory relief.). In short, for myriad reasons, this Court has both Article III and statutory jurisdiction over this case, the relief that Plaintiff seeks is available and this Court is empowered to grant it, and this case should proceed.

### *Next Steps*

This Court gave Defendants a month-long stay during which they could either answer Plaintiff's now nearly seven-week-old motion to compel or file a motion to dismiss. *See generally*, ECF 45. This Court *explicitly* rejected that allowing the parties to negotiate a settlement was good cause to stay the case. *See id*. at 6. Despite this Court's rejection of Defendants' stay-for-time-to-settle arguments and its unequivocal order that Defendants must ***either*** move to dismiss ***or*** respond to the pending motion to compel, Defendants have failed to take either court-ordered action. Instead, Defendants only offer the same rejected grounds anew without any supporting law. Put differently, Defendants have ignored the Court's order without so much as a nod to the law.

11

## CONCLUSION AND RELIEF SOUGHT

For the reasons explained above, the Court should deny the motion for extension of stay, and grant Plaintiff costs and fees incurred in preparing this response. *See* 28 U.S.C. § 2643 (permitting "The Court of International Trade may enter a money judgment . . . for or against the United States in any civil action commenced under section 1581 or 1582 of this title"). The Court should further find Plaintiff's motion to compel is unopposed and rule on its unopposed motion to compel so that Plaintiff may proceed with depositions and additional fact discovery to bring this case to a swift conclusion.

Respectfully submitted,

*/s/ Mark V. Heusel*

Mark V. Heusel
Jacob L. Clark
Daniel C. Ziegler
DICKINSON WRIGHT PLLC
350 S. Main Street, Suite 300
Ann Arbor, MI 48104
(734) 623-1908
mheusel@dickinsonwright.com
jlclark@dickinsonwright.com
dziegler@dickinson-wright.com
*Attorneys for Plaintiff Camel Energy, Inc.*

**DATE:** March 18, 2026